

08 CV 2841

JUDGE BATTS    CLOSED

**U.S. District Court**
**District of New Jersey [LIVE] (Newark)**
**CIVIL DOCKET FOR CASE #: 2:08-cv-00172-HAA-ES**
**Internal Use Only**

#2

PRUDENTIAL INSURANCE COMPANY OF AMERICA,
THE v. ABRAMOVSKY et al
Assigned to: Judge Harold A. Ackerman
Referred to: Magistrate Judge Esther Salas
Cause: 28:1335 Interpleader Action

Date Filed: 01/10/2008
Date Terminated: 03/12/2008
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA, THE**

represented by **JANE ANDREWS**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
33 WASHINGTON STREET
NEWARK, NJ 07102
(973) 624-0800
Email: andrewsj@wemed.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT ALAN WHITE**
MORGAN, LEWIS & BOCKIUS, LLP

502 CARNEGIE CENTER
PRINCETON, NJ 08540
(609) 919-6600
Email: rwhite@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE ERIN VON BEVERN**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
33 WASHINGTON STREET
NEWARK, NJ 07102
(973) 624-0800
Email:
julie.vonbevern@wilsonelser.com
*TERMINATED: 03/04/2008*
*ATTORNEY TO BE NOTICED*



V.

**Defendant**

**DEBORAH ABRAMOVSKY**

**Defendant**

**ORLY CALDERON**

**Defendant**

**AVIVA ABRAMOVSKY**

**Defendant**

**ABBA ABRAMOVSKY**

**Defendant**

**DOV ABRAMOVSKY**

**Defendant**

**ARI ABRAMOVSKY**

**Counter Claimant**

**DEBORAH ABRAMOVSKY**


V.

**Counter Defendant**

**PRUDENTIAL INSURANCE**               represented by   **JANE ANDREWS**
**COMPANY OF AMERICA, THE**                             (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **ROBERT ALAN WHITE**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **JULIE ERIN VON BEVERN**
                                                        (See above for address)
                                                        *TERMINATED: 03/04/2008*
                                                        *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**AVIVA ABRAMOVSKY**


V.

**Counter Defendant**

**PRUDENTIAL INSURANCE**               represented by   **JANE ANDREWS**



**COMPANY OF AMERICA, THE**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT ALAN WHITE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE ERIN VON BEVERN**
(See above for address)
*TERMINATED: 03/04/2008*
*ATTORNEY TO BE NOTICED*

<u>Counter Claimant</u>
**DOV ABRAMOVSKY**

V.

<u>Counter Defendant</u>
**PRUDENTIAL INSURANCE
COMPANY OF AMERICA, THE**

represented by **JANE ANDREWS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT ALAN WHITE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE ERIN VON BEVERN**
(See above for address)
*TERMINATED: 03/04/2008*
*ATTORNEY TO BE NOTICED*

<u>Counter Claimant</u>
**ARI ABRAMOVSKY**

V.

<u>Counter Defendant</u>
**PRUDENTIAL INSURANCE
COMPANY OF AMERICA, THE**

represented by **JANE ANDREWS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT ALAN WHITE**
(See above for address)
*LEAD ATTORNEY*



*ATTORNEY TO BE NOTICED*

**JULIE ERIN VON BEVERN**
(See above for address)
*TERMINATED: 03/04/2008*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2008 | ❶1 | COMPLAINT against DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, ARI ABRAMOVSKY ( Filing fee $ 350 receipt number 350004.), filed by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. (Attachments: # 1 EXH A# 2 EXH B# 3 EXH C) (dr, ) Additional attachment(s) added on are EXH D,E, and CIS. 1/11/2008 (dr, ). Modified on 1/11/2008 (dr, ). (Entered: 01/11/2008) |
| 01/10/2008 | ❶2 | Corporate Disclosure Statement by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE identifying PRUDENTIAL FINANCIAL, INC.;PRUDENTIAL HOLDINGS, LLC as Corporate Parent.. (dr, ) (Entered: 01/11/2008) |
| 01/11/2008 | ❶3 | Summons Issued as to DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, ARI ABRAMOVSKY.Days Due - 20. MLD TO COUNSEL(dr, ) (Entered: 01/11/2008) |
| 01/16/2008 | ❶4 | NOTICE of Appearance by JULIE ERIN VON BEVERN on behalf of PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE (VON BEVERN, JULIE) (Entered: 01/16/2008) |
| 01/22/2008 | ❶ | ATTENTION COUNSEL - As of May 1, 2006, Civil initial pleadings such as complaints and notices of removal must be filed electronically. Payment of the filing fee is made via the internet (pay.gov). Visit our website at www.njd.uscourts.gov for additional information. In the future, to expedite the processing of the initial pleadings, counsel is requested to file complaints and notices of removal electronically. (dr, ) (Entered: 01/22/2008) |
| 02/07/2008 | ❶5 | SUMMONS Returned Executed by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. ARI ABRAMOVSKY served on 1/25/2008, answer due 2/14/2008. (VON BEVERN, JULIE) (Entered: 02/07/2008) |
| 02/07/2008 | ❶6 | SUMMONS Returned Executed by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. DEBORAH ABRAMOVSKY served on 1/25/2008, answer due 2/14/2008. (VON BEVERN, JULIE) (Entered: 02/07/2008) |
| 02/07/2008 | ❶7 | SUMMONS Returned Executed by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. DOV ABRAMOVSKY served on 1/25/2008, answer due 2/14/2008. (VON BEVERN, JULIE) (Entered: |



| | | 02/07/2008) |
|---|---|---|
| 02/13/2008 | 🔵8 | ANSWER to Complaint, COUNTERCLAIM against PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE by DEBORAH ABRAMOVSKY. (Attachments: # 1 Acknowledgment of Service as to Orly Calderon, # 2 Acknowledgment of Service as to Prudential Insurance Company of America)(dc, ) (Entered: 02/14/2008) |
| 02/13/2008 | 🔵9 | ANSWER to Complaint, COUNTERCLAIM against PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE by AVIVA ABRAMOVSKY.(dc, ) (Entered: 02/14/2008) |
| 02/13/2008 | 🔵10 | ANSWER to Complaint, COUNTERCLAIM against PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE by DOV ABRAMOVSKY.(dc, ) (Entered: 02/14/2008) |
| 02/13/2008 | 🔵11 | ANSWER to Complaint, COUNTERCLAIM against PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE by ARI ABRAMOVSKY.(dc, ) (Entered: 02/14/2008) |
| 02/20/2008 | 🔵12 | SUMMONS Returned Executed by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. AVIVA ABRAMOVSKY served on 2/8/2008, answer due 2/28/2008. (VON BEVERN, JULIE) (Entered: 02/20/2008) |
| 03/04/2008 | 🔵13 | Substitution of Attorney - Attorney ROBERT ALAN WHITE and ROBERT ALAN WHITE for PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE added. Attorney JULIE ERIN VON BEVERN terminated.. (WHITE, ROBERT) (Entered: 03/04/2008) |
| 03/04/2008 | 🔵14 | ANSWER to Counterclaim *of Deborah Abramovsky*, ANSWER to Counterclaim *of Aviva Abramovsky*, ANSWER to Counterclaim *of Ari Abramovsky*, ANSWER to Counterclaim *of Dov Abramovsky* by PRUDENTIAL INSURANCE COMPANY OF AMERICA, THE. (WHITE, ROBERT) (Entered: 03/04/2008) |
| 03/10/2008 | 🔵15 | Letter from Daniel E. Orr to Hon. William H. Walls, U.S.D.J.. (ORR, DANIEL) (Entered: 03/10/2008) |
| 03/11/2008 | 🔵16 | Letter from Daniel E. Orr. (Attachments: # 1 Stipulation and Consent Order to Transfer of Venue)(ORR, DANIEL) (Entered: 03/11/2008) |
| 03/12/2008 | 🔵17 | STIPULATION AND CONSENT ORDER transferring this action to the United States District Court for the Southern District of New York. Signed by Judge William H. Walls on 3/12/08. (dc, ) (Entered: 03/12/2008) |
| 03/12/2008 | 🔵18 | Transmittal Letter to the United States District Court for the Southern District of New York re 17 Stipulation and Consent Order. (dc, ) (Entered: 03/12/2008) |
| 03/13/2008 | 🔵19 | STIPULATION AND CONSENT ORDER transferring this action to the United States District Court for the Southern District of New York. Signed by Judge Harold A. Ackerman on 3/12/08. (dc, ) (Entered: |

| | | 03/14/2008) |

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____  3/14/08
          Deputy Clerk

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
JANE ANDREWS, ESQ. (JA 7012)
JULIE E. VON BEVERN, ESQ. (JV 6903)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Plaintiff The Prudential Insurance Company of America
File No.: 09718.00180

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | x : : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | : : x | |
| Defendants. | | |

---

## INTERPLEADER COMPLAINT

Plaintiff, The Prudential Insurance Company of America (hereinafter, "Prudential"), a corporation of the State of New Jersey, with its principal place of business located therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

5.       Prudential is a life insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. Prudential is a citizen of the State of New Jersey.

6.       Defendant, Deborah Abramovsky, upon information and belief, resides at 318 Scott Avenue, Syracuse, NY 13224, and is the ex-spouse of decedent Abraham Abramovsky.

7.    Defendant, Orly Calderon, upon information and belief, resides at 2600 Netherland Avenue, Riverdale, NY 10463 and is the friend of the decedent Abraham Abramovsky.

8.    Defendant, Aviva Abramovsky, upon information and belief, resides at 411 Crawford Avenue, Syracuse, NY, 13224, and is the daughter of the decedent Abraham Abramovsky.

9.    Defendant, Abba Abramovsky, upon information and belief, resides at 423 East 77th Street, New York, NY 10021, and is the son of the decedent Abraham Abramovsky.

10.    Defendant, Dov Abramovsky, upon information and belief, resides at 318 Scott Avenue, Syracuse, NY 13224, and is the son of the decedent Abraham Abramovsky.

11.    Defendant, Ari Abramovsky, upon information and belief, resides at 318 Scott Avenue, Syracuse, NY 12224, and is the son of the decedent Abraham Abramovsky.

## JURISDICTION AND VENUE

12.    This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, as the underlying claims at issue involve rights and liabilities governed by federal law, more particularly, the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq.

13.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in this district.

## FACTS SUPPORTING INTERPLEADER

14.    At all times relevant hereto, Prudential provided Group Life Insurance Benefits to certain qualified current and former employees of Fordham University (the "Policyholder"),

under Prudential Group Policy Number G-44442 (the "Plan"). A true and correct copy of the Plan Contract is attached hereto as **Exhibit A.**

     15.     At the time of his death, Abraham Abramovsky was a participant in the Plan.

     16.     At the time of his death, the death claim benefit under the Plan for Abraham Abramovsky was $176,000.00 in Basic Term Life Benefits. A true and correct copy of the Group Insurance Claim Form is attached hereto as **Exhibit B.**

     17.     On or about July 23, 2007 decedent Abraham Abramovsky passed away. A copy of the Certificate of Death is attached hereto as **Exhibit C.**

     18.     Upon information and belief, on or about September 21, 1970, the decedent Abraham Abramovsky married Defendant Deborah Abramovsky.

     19.     Upon information and belief, on or about August 12, 2002, the decedent Abraham Abramovsky and Defendant Deborah Abramovsky were divorced. A true and correct copy of the Judgment of Divorce and Separation Agreement is attached hereto as **Exhibit D.**

     20.     Upon information and belief, on or about March 4, 2006, the decedent, Abraham Abramovsky, completed a Beneficiary Designation Form designating Defendants Orly Calderon, Aviva Abramovsky, Abba Abramovsky, and Dov Abramovsky and Ari Abramovsky as Primary Beneficiaries, each to receive twenty (20) percent of the death claim benefits available on the life of Abraham Abramovsky. A true and correct copy of this Beneficiary Designation Form is attached hereto as **Exhibit E.**

     21.     Upon information and belief, Defendant, Deborah Abramovsky, ex-spouse of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky, relying on the provisions of the Judgment of Divorce.

22.     Upon information and belief, Defendant, Orly Calderon, friend of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky.

23.     Upon information and belief, Defendant, Aviva Abramovsky, daughter of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky.

24.     Upon information and belief, Defendant, Abba Abramovsky, son of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky.

25.     Upon information and belief, Defendant, Dov Abramovsky, son of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky.

26.     Upon information and belief, Defendant, Ari Abramovsky, son of the decedent, has claimed entitlement to the death claim benefits available on the life of Abraham Abramovsky.

27.     Prudential claims no title to, or interest in, the life insurance benefits payable under the group plan on account of the death of Abraham Abramovsky in the amount of $176,000.00 and is ready and willing to pay the proceeds to the person or persons found by the court entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by the Defendants.

28.     Prudential is ready, willing and hereby offers to deposit the proceeds of the group plan as and for the Basic Term Life Benefits in the amount of $176,000.00, together with

4

accrued interest, if any, into the court, or with any person duly authorized by the court to receive it.

29.     Prudential has no means other than this action to protect itself against the claims made by the Defendants to the benefits payable under the group plan.

**WHEREFORE**, Prudential requests that the Court enter judgment:

A.      Directing Prudential to pay the sum of $176,000.00, together with accrued interest, if any, into this Court;

B.      Directing the Defendants, Deborah Abramovsky, Orly Calderon, Aviva Abramovsky, Abba Abramovsky, Dov Abraomvosky, and Ari Abramovsky to interplead their rights to such sums;

C.      Discharging Prudential from all liability to the Defendants arising out of the matters herein set forth upon payment of the sum of $176,000.00 with accrued interest, if any, into this Court;

D.      Restraining the Defendants, and each of them, from instituting any action against Prudential to recover such sum;

E.      Entering an Order awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action; and

F.      For such other and further relief as this Court deems just and proper.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Plaintiff, The Prudential Insurance Company of America

By: _____
        Jane Andrews (JA7012)

Dated: _____, 2008

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that the matter in controversy is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.

Jane Andrews (JA 7012)

Dated: _____, 2008

6

# EXHIBIT "A"

# Fordham University

## *Faculty and Administrators*

**Employee Term Life Coverage**

**Accidental Death and Dismemberment Coverage**



# Foreword

*We are pleased to present you with this Booklet.  It describes the Program of benefits we have arranged for you and what you have to do to be covered for these benefits.*

*We believe this Program provides worthwhile protection for you and your family.*

*Please read this Booklet carefully.  If you have any questions about the Program, we will be happy to answer them.*

**IMPORTANT NOTICE:**  *This Booklet is an important document and should be kept in a safe place.  This Booklet and the Certificate of Coverage made a part of this Booklet together form your Group Insurance Certificate.*

# Table of Contents

FOREWORD ...............................................................................................................1

SCHEDULE OF BENEFITS .....................................................................................3

WHO IS ELIGIBLE TO BECOME INSURED.............................................................7

WHEN YOU BECOME INSURED...............................................................................7

DELAY OF EFFECTIVE DATE....................................................................................8

EMPLOYEE TERM LIVE COVERAGE......................................................................9

OPTION TO ACCELERATE PAYMENT OF DEATH BENEFITS ..........................13

ACCIDENTAL DEATH AND DISMEMBERMENT COVERAGE ............................15

GENERAL INFORMATION.......................................................................................21

WHEN YOUR INSURANCE ENDS..........................................................................25

CERTIFICATE OF COVERAGE ..............................................................................26

SUMMARY PLAN DESCRIPTION............................................................................27

# Schedule of Benefits

**Covered Classes:** The "Covered Classes" are these Employees of the Contract Holder (and its Associated Companies): All Employees of Fordham University classified by the Employer as Faculty and Administrators.

**Program Date:** September 1, 2005. This Booklet describes the benefits under the Group Program as of the Program Date.

- This Booklet and the Certificate of Coverage together form your Group Insurance Certificate. The Coverages in this Booklet are insured under a Group Contract issued by Prudential. All benefits are subject in every way to the entire Group Contract which includes the Group Insurance Certificate. It alone forms the agreement under which payment of insurance is made.

- The Employer expects to continue the Group Program indefinitely. But the Employer reserves the right to change or end it at any time. This would change or end the terms of the Group Program in effect at that time for active and retired Employees.

## BASIC EMPLOYEE TERM LIFE COVERAGE

**BENEFIT AMOUNTS:**

**Amount For Each Benefit Class:**

| Benefit Classes According to Age | Amount of Insurance |
|---|---|
| Less than age 45 | 300% of your annual Earnings.* |
| Age 45 but less than 50 | 250% of your annual Earnings.* |
| Age 50 but less than 55 | 200% of your annual Earnings.* |
| Age 55 but less than 60 | 150% of your annual Earnings.* |
| Age 60 but less than 65 | 100% of your annual Earnings.* |
| Age 65 or more | 70% of your annual Earnings.* |

*If this amount is not a multiple of $1,000, it will be rounded to the next higher multiple of $1,000.

Maximum Amount: $200,000

The Definitions section explains what "Earnings" means.

**Effect of Option to Accelerate Payment of Death Benefits:** Your amount of insurance (as determined in the absence of this provision) will be reduced by the amount of any Terminal Illness Proceeds paid under the Option to Accelerate Payment of Death Benefits.

83500
BSB 1003

3

(44442-6)

# BASIC ACCIDENTAL DEATH AND DISMEMBERMENT COVERAGE

**BENEFIT AMOUNTS UNDER EMPLOYEE INSURANCE:**

**Amount For Each Benefit Class:** An amount equal to the amount for which you are insured under the Basic Employee Term Life Coverage. For this purpose only, that amount will be the amount as determined above, except that if your Basic Employee Term Life Coverage is reduced by any amount paid under the Option to Accelerate Payment of Death Benefits, that reduction will not apply to this Coverage.

**ADDITIONAL BENEFITS UNDER EMPLOYEE INSURANCE:**

For the purposes of determining benefits under the Coverage, Amount of Insurance does not include any additional amount payable as shown below.

**Additional Amount Payable for Loss of Life as a Result of an Accident in a Four Wheel Vehicle While Using a Seat Belt:** An amount equal to the lesser of:

(1) 10% of your Amount of Insurance; and

(2) $10,000.

**Additional Amount Payable for Loss of Life as a Result of an Accident in a Four Wheel Vehicle Equipped with a Supplemental Restraint System:** An amount equal to the lesser of:

(1) 10% of your Amount of Insurance; and

(2) $10,000.

**Additional Amount Payable for Return of Remains:** An amount equal to the lesser of:

(1) the amount of Covered Expenses; and

(2) $2,500.

**Additional Amount Payable for Tuition Reimbursement for Your Spouse:** An amount equal to the least of:

(1) the actual tuition charged for the program;

(2) 1% of your Amount of Insurance; and

(3) $2,500.

If there is no spouse eligible for this benefit, a benefit of $500.00 will be paid.

**Additional Annual Amount Payable for Tuition Reimbursement for Your Dependent Child:** An amount equal to the least of:

(1) the actual annual tuition, exclusive of room and board, charged by the School;

(2) 1% of your Amount of Insurance; and

(3) $2,500.

83500
BSB 1003

(44442-6)

This benefit is payable annually for up to four consecutive years, but not beyond the date the child reaches age 23.

If there is no dependent child eligible for this benefit, a benefit of $1,000 will be paid.

**Additional Annual Amount Payable for Day Care Expenses for Your Dependent Child:** An amount equal to the lesser of:

(1)  the actual cost charged by such Day Care Center per year;

(2)  1% of your Amount of Insurance, and

(3)  $2,000.

This benefit is payable annually for up to four consecutive years, but not beyond the date the child reaches age seven.

If there is no dependent child eligible for this benefit, a benefit of $1,000 will be paid.

**TO WHOM PAYABLE:**

Accidental Death and Dismemberment benefits are payable to you with these exceptions:

(1)  Benefits for tuition reimbursement for your spouse payable on account of your Loss of life will be paid to:

    (a)  your spouse, if living; or

    (b)  your spouse's estate.

(2)  Benefits for day care expenses or tuition reimbursement for your dependent children payable on account of your Loss of life will be paid to the person or institution appearing to Prudential to have assumed the main support of the children.

(3)  Benefits for any other of your Losses that are unpaid at your death or become payable on account of your death will be paid to your Beneficiary or Beneficiaries.  (See Beneficiary Rules.)

## OTHER INFORMATION

**Contract Holder:**  FORDHAM UNIVERSITY

**Group Contract No.:**  G-44442-NY

**Associated Companies:**  Associated Companies are employers who are the Contract Holder's subsidiaries or affiliates and are reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Cost of Insurance:**  The insurance in this Booklet is Contributory Insurance. You will be informed of the amount of your contribution when you enroll.  Any contribution due but unpaid at your death will be deducted from the death benefit.

**Prudential's Address:**

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

83500
BSB 1003

(44442-6)

## WHEN YOU HAVE A CLAIM

Each time a claim is made, it should be made without delay.  Use a claim form, and follow the instructions on the form.

If you do not have a claim form, contact your Employer.

———————————————

Aside from the Life coverage, the coverage described in this Booklet provides only ACCIDENT coverage.  It does NOT provide basic hospital, basic medical, or major medical insurance as defined by the New York State Insurance Department.

IMPORTANT NOTICE - THE COVERAGE DESCRIBED IN THIS BOOKLET DOES NOT PROVIDE COVERAGE FOR SICKNESS.

———————————————

83500
BSB 1003

6

(44442-6)

# Who is Eligible to Become Insured

### FOR EMPLOYEE INSURANCE

**You are eligible for Employee Insurance while:**

- You are a full-time Employee of the Employer; and

- You are in a Covered Class; and

- You have completed the Employment Waiting Period, if any.  You may need to work for the Employer for a continuous full-time period before you become eligible for the Coverage.  The period must be agreed upon by the Employer and Prudential.  Your Employer will inform you of any such Employment Waiting Period for your class.

**You are full-time** if you are regularly working for the Employer at least the number of hours in the Employer's normal full-time work week for your class, but not less than 25 hours per week.  If you are a partner or proprietor of the Employer, that work must be in the conduct of the Employer's business.

**Your class** is determined by the Contract Holder.  This will be done under its rules, on dates it sets.  The Contract Holder must not discriminate among persons in like situations.  You cannot belong to more than one class for insurance on each basis, Contributory or Non-contributory Insurance, under a Coverage.  "Class" means Covered Class, Benefit Class or anything related to work, such as position or Earnings, which affects the insurance available.

**This applies if you are an Employee of more than one subsidiary or affiliate of an employer included under the Group Contract:**  For the insurance, you will be considered an Employee of only one of those subsidiaries or affiliates.  Your service with the others will be treated as service with that one.

The rules for obtaining Employee Insurance are in the When You Become Insured section.

# When You Become Insured

### FOR EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will begin the first day on which:

- You have enrolled, if the Coverage is Contributory; and

- You are eligible for Employee Insurance; and

- You are in a Covered Class for that insurance; and

- You have met any evidence requirement for Employee Insurance; and

- Your insurance is not being delayed under the Delay of Effective Date section below; and

83500
BEL 1001

7

(44442-6)

- That Coverage is part of the Group Contract.

For Contributory Insurance, you must enroll on a form approved by Prudential and agree to pay the required contributions.  Your Employer will tell you whether contributions are required and the amount of any contribution when you enroll.

At any time, the benefits for which you are insured are those for your class, unless otherwise stated.

**When evidence is required:**  In any of these situations, you must give evidence of insurability.  This requirement will be met when Prudential decides the evidence is satisfactory.

(1)  For Contributory Insurance, you enroll more than 31 days after you could first be covered.

(2)  You enroll after any of your insurance under the Group Contract ends because you did not pay a required contribution.

(3)  You wish to become insured for life insurance and have an individual life insurance contract which you obtained by converting your insurance under a Coverage of the Group Contract.

(4)  You have not met a previous evidence requirement to become insured under any Prudential group contract covering Employees of the Employer.

# Delay of Effective Date

## FOR EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will be delayed if you do not meet the Active Work Requirement on the day your insurance would otherwise begin.  Instead, it will begin on the first day you meet the Active Work Requirement and the other requirements for the insurance.  The same delay rule will apply to any change in your insurance that is subject to this section.  If you do not meet the Active Work Requirement on the day that change would take effect, it will take effect on the first day you meet that requirement.

---

83500
BEL 1001

(44442-6)

# Employee Term Life Coverage

**FOR YOU ONLY**

## A.  DEATH BENEFIT WHILE A COVERED PERSON.

If you die while a Covered Person, the amount of your Employee Term Life Insurance under this Coverage is payable when Prudential receives written proof of death.

## B.  DEATH BENEFIT DURING CONVERSION PERIOD.

A death benefit is payable under this Section B if you die:

(1)  within 31 days after you cease to be a Covered Person or within 31 days after the date your amount of Employee Term Life Insurance under this Coverage is reduced; and

(2)  while entitled (under Section D) to convert all or part of your Employee Term Life Insurance under this Coverage to an individual contract.

The amount of the benefit is equal to the amount of Employee Term Life Insurance under this Coverage you were entitled to convert.  It is payable even if you did not apply for conversion.  It is payable when Prudential receives written proof of death.

GRP 86119

## C.  EXTENDED DEATH BENEFIT DURING TOTAL DISABILITY.

If you meet the conditions below, your death benefit protection will be extended while you are Totally Disabled.  The "Extended Death Benefit" is the benefit described in this Section C.

The conditions referred to above are:

You become Totally Disabled while you are a Covered Person.

You are less than age 60 when your Total Disability starts.

Total Disability:  You are "Totally Disabled" when:

(1)  You are not working at any job for wage or profit; and

(2)  Due to Sickness, Injury or both, you are not able to perform for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience.

The extension ends one year after your Total Disability started, unless, within that year, you give Prudential written proof that:

(a)  You have met the above conditions; and

83500
LIF R 1004 (as modified by GRP 86119, GRP 98635 and GRP 98278)                    (S-5)

(b)   You are still Totally Disabled; and

(c)   Your Total Disability has continued for at least nine months.

Prudential will then further extend your death benefit protection for successive one year periods.  The first of these periods will start on the date Prudential receives this proof.  After that first period, you must give written proof when and as required by Prudential once each year that your Total Disability continues.

If you die while your death benefit protection is being extended, the Extended Death Benefit is payable when Prudential receives written proof that:

(a)   Your Total Disability continued until your death; and

(b)   All of the above conditions have been met.

If you die within one year after your Total Disability started and before you give Prudential proof of Total Disability, written notice of your death must be given to Prudential within one year after your death.

Your extension protection ends if and when:

(1)   Your Total Disability ends; or

(2)   You reach age 70; or

(3)   You fail to furnish any required proof that your Total Disability continues; or

(4)   You fail to submit to a medical exam by Doctors named by Prudential when and as often as Prudential requires. After two full years of this protection, Prudential will not require an exam more than once a year.

If your extension protection ends after you have given the first proof of continued Total Disability, you have the same rights and benefits under Sections B and D as if you ceased to be a member of the Covered Classes for the insurance.  But this does not apply if you become a Covered Person within 31 days after this protection ends.

**Amount of Extended Death Benefit:**  This amount is determined as if you had remained a Covered Person until death.  But it is reduced by any amount payable under Sections A or B above or any Prudential group life insurance that replaces this Coverage for a class of Employees.

**Effect of Conversion:**  An individual contract issued under Section D will be in place of all rights under this Section C.  But if you have met all the requirements of this Section C, you can obtain these rights in exchange for all benefits of the individual contract.  Premiums paid under the individual contract will be refunded.  Your choice of Beneficiary in the individual contract, if different than for this Coverage, will be considered notice of change of Beneficiary for any claim under this Section C.

**Time Limits for Written Proof of Total Disability or Notice of Your Death During Extension:**  If your written proof of Total Disability or continuing proof of Total Disability is not provided within the one year time limit mentioned above, your extended death benefit protection will not end or be reduced if you can show that it was not reasonably possible to provide such proof within the one year time limit.

If you die within one year after your Total Disability started and before you gave Prudential proof of Total Disability, written notice of your death must be given to Prudential within one year after your death. However, the Extended Death Benefit will not be denied or reduced if it can be shown that it was not reasonably possible to provide written notice of your death within that time.

GRP 98635

## D.  CONVERSION PRIVILEGE.

If you cease to be insured for all or part of the Employee Term Life Insurance of the Group Contract for one of the reasons stated below, you may convert your insurance under this Coverage, which then ends, to an individual life insurance contract. Evidence of insurability is not required. The reasons are:

(1)  Your employment ends, you transfer out of the Covered Classes, or the amount of your insurance is reduced by reason of age, retirement, the end of your membership in a Covered Class, or an amendment to the Group Contract that changes the benefits for your class.

(2)  All term life insurance of the Group Contract for your class ends by amendment or otherwise.

Any such conversion is subject to the rest of this Section D.

**Availability**:  Subject to the exceptions below, you must apply for the individual contract and pay the first premium by the thirty-first day after you cease to be insured for the Employee Term Life Insurance or your amount of such insurance is reduced.

These are the exceptions to the above rule:

(1)  If you have been given written notice of the conversion privilege more than 15 days but less than 90 days after you cease to be insured for the Employee Term Life Insurance or your amount of such insurance is reduced, you must apply for the individual contract and pay the first premium by the forty-fifth day after you have been given such notice.

(2)  If you have not been given written notice of the conversion privilege within 90 days after you cease to be insured for the Employee Term Life Insurance or your amount of such insurance is reduced, you must apply for the individual contract and pay the first premium by the end of such 90 days.

**Individual Contract Rules**:  The individual contract must conform to the following:

**Amount**:  If you cease to be insured for the Employee Term Life Insurance under this Coverage, not more than your amount of such insurance when your insurance ends. But, if it ends because all term life insurance of the Group Contract for your class ends, the total amount of individual insurance which you may get in place of all your life insurance then ending under the Group Contract will not exceed the total amount of all your life insurance then ending under the Group Contract reduced by the amount of group life insurance from any carrier for which you are or become eligible within the next 45 days.

If your amount of insurance under this Coverage is reduced, not more than the amount of the reduction.

**Form**:  Any form of a life insurance contract that:

(1)  conforms to Title VII of the Civil Rights Act of 1964, as amended, having no distinction based on sex; and

(2)   is one that Prudential usually issues at the age and amount applied for.

Subject to the exceptions below, this does not include term insurance or a contract with disability or supplementary benefits.

These are the exceptions to the above rule:

(1)   The contract may be issued, at your request, with preliminary term insurance that lasts for one year starting with its effective date.

(2)   If your insurance ends because your employment ends due to your total and permanent disability, the contract may be issued, at your request, with term insurance without the one-year limit.

**Premium:** Based on Prudential's rate as it applies to the form and amount, and to your class of risk and age at the time.

**Effective Date:**  The end of the 31 day period after you cease to be insured for the Employee Term Life Insurance or your amount of such insurance is reduced.

GRP 98278

————————————————

Any death benefit provided under a section of this Coverage is payable according to that section and the Beneficiary and Mode of Settlement Rules.

————————————————

## OPTION TO ACCELERATE PAYMENT OF DEATH BENEFITS.

(1) Receipt of accelerated death benefits may affect eligibility for public assistance programs and may be taxable.

(2) If you elect this option, you will not be charged an administrative fee, and the Terminal Illness Proceeds described below will not be discounted.

The following is added to the Employee Term Life Coverage provision:

**Definitions**

- Terminally Ill Employee:  An employee whose life expectancy is 6 months or less.

- Terminal Illness Proceeds:  The amount of Employee Term Life Insurance that you may elect to place under this option.  The Terminal Illness Proceeds are equal to 75% of the amount in force on your life on the date Prudential receives the proof that you are a Terminally Ill Employee, but not more than $250,000.  But, you may elect a smaller amount that is not less than the Minimum Election Amount.  The Minimum Election Amount is the lesser of 25% of the amount in force on your life on the date Prudential receives the proof that you are a Terminally Ill Employee and $50,000.

  The Terminal Illness Proceeds may be reduced if, within 6 months after the date Prudential receives such proof, a reduction on account of age would have applied to the amount of your Employee Term Life Insurance.  In that case, the amount of the Terminal Illness Proceeds may not exceed the amount of such Insurance after applying the reduction.

**Option:**  If you become a Terminally Ill Employee while insured under the Employee Term Life Insurance provision or while your death benefit protection is being extended under the Employee Term Life Coverage provision, you may elect to have the Terminal Illness Proceeds placed under this option.  That election is subject to the conditions set forth below.

**Payment of Terminal Illness Proceeds:**  If you elect this option, Prudential will pay the Terminal Illness Proceeds you place under this option in one sum when it receives proof that you are a Terminally Ill Employee.

**To Whom Payable:**  The benefits under this provision are payable to you.

**Conditions:**  Your right to be paid under this option is subject to these terms:

(1) You must choose this option in writing in a form that satisfies Prudential.

(2) You must furnish proof that satisfies Prudential that your life expectancy is 6 months or less, including certification by a Doctor.

(3) Your Employee Term Life Insurance must not be assigned.

(4) Terminal Illness Proceeds will be made available to you on a voluntary basis only.  Therefore:

  (a) If you are required by law to use this option to meet the claims of creditors, whether in bankruptcy or otherwise, you are not eligible for this benefit.

  (b) If you are required by a government agency to use this option in order to apply for, get or keep a government benefit or entitlement, you are not eligible for this benefit.

83500
LIF T 5016

13

(S-6)(44442-6)

**Effect on Insurance:** This benefit is in lieu of the benefits that would have been paid on your death with respect to the Terminal Illness Proceeds. When you elect this option, the total amount of Employee Term Life Insurance otherwise payable on your death, including any amount under an extended death benefit, will be reduced by the Terminal Illness Proceeds. Also, you may not convert any amount of Employee Term Life Insurance which ends because it is paid under this option.

**Effect on Contributions:** The amount of your contribution, if any, will be adjusted based on the amount of your Employee Term Life Coverage remaining in force.

---

# Accidental Death and Dismemberment Coverage

## FOR YOU

This Coverage pays benefits for accidental Loss.

Loss means the person's:

(1)   loss of life;

(2)   total and permanent loss of sight;

(3)   loss of hand or foot by severance at or above the wrist or ankle;

(4)   total and permanent loss of speech;

(5)   total and permanent loss of hearing in both ears;

(6)   loss of thumb and index finger of the same hand by severance at or above the metacarpophalangeal joint; or

(7)   loss due to Quadriplegia, Paraplegia, or Hemiplegia.

Quadriplegia means the complete and irreversible paralysis of both upper and both lower limbs.

Paraplegia means the complete and irreversible paralysis of both lower limbs.

Hemiplegia means the complete and irreversible paralysis of the upper and lower limbs on one side of the body.

## A.   BENEFITS.

Benefits for accidental Loss are payable only if all of these conditions are met:

(1)   The person sustains an accidental bodily Injury while a Covered Person.

(2)   The Loss results directly from that Injury and from no other cause.

(3)   The person suffers the Loss within 365 days after the accident.

For the purposes of the Coverage:

(1)   Exposure to the elements will be considered an accidental Injury.

(2)   It will be presumed that the person has suffered a Loss of life if the person's body has not been found within one year of disappearance, stranding, sinking or wrecking of any vehicle in which the person was an occupant.

83500
ADD R 5020                                                          (44442-6)

Not all such Losses are covered.  See Losses Not Covered below.

**Benefit Amount Payable:**  The amount payable depends on the type of Loss as shown below.  All benefits are subject to the Limitation Per Accident below.

Percent of the Person's
Amount of Insurance

Loss of or by Reason of:

| | |
|---|---|
| Life ................................................................................................................... | 100 |
| Both Hands ....................................................................................................... | 100 |
| Both Feet .......................................................................................................... | 100 |
| Sight of Both Eyes ........................................................................................... | 100 |
| One Hand and One Foot .................................................................................. | 100 |
| One Hand and Sight of One Eye ..................................................................... | 100 |
| One Foot and Sight of One Eye ...................................................................... | 100 |
| Speech and Hearing ........................................................................................ | 100 |
| Quadriplegia ..................................................................................................... | 100 |
| | |
| Paraplegia......................................................................................................... | 75 |
| | |
| One Hand .......................................................................................................... | 50 |
| One Foot ........................................................................................................... | 50 |
| Sight of One Eye.............................................................................................. | 50 |
| Speech .............................................................................................................. | 50 |
| Hearing .............................................................................................................. | 50 |
| Hemiplegia......................................................................................................... | 50 |
| | |
| Thumb and Index Finger of the Same Hand ................................................... | 25 |

**Limitation Per Accident:**  No more than the Amount of Insurance on a person at the time of the accident will be paid for all Losses resulting from Injuries sustained in that accident.

## B.  LOSSES NOT COVERED.

A Loss is not covered if it results from any of these:

(1)  Suicide or attempted suicide.

(2)  Intentionally self-inflicted Injuries, or any attempt to inflict such Injuries.

(3)  Sickness, whether the Loss results directly or indirectly from the Sickness.

(4)  Medical or surgical treatment of Sickness, whether the Loss results directly or indirectly from the treatment.

(5)  Any infection.  But, this does not include:

    (a)  a pyogenic infection resulting from an accidental cut or wound; or

    (b)  a bacterial infection resulting from accidental ingestion of a contaminated substance.

(6)  War, or any act of war.  "War" means declared or undeclared war and includes resistance to armed aggression.

83500
ADD R 5020

(44442-6)

(7) An accident that occurs while the person is serving on full-time active duty for more than 30 days in any armed forces. But this does not include Reserve or National Guard active duty for training.

(8) Travel or flight in any vehicle used for aerial navigation. This includes getting in, out, on or off any such vehicle. This (8) applies only if:

    (a) the person is riding as a passenger in any aircraft not intended or licensed for the transportation of passengers;

    (b) the person is performing as a pilot or a crew member of any aircraft; or

    (c) you are riding as a passenger in an aircraft owned, leased or operated by your Employer.

(9) Commission of or attempt to commit a felony.

(10) Being legally intoxicated or under the influence of any narcotic unless administered or consumed on the advice of a Doctor.

(11) Participation in these hazardous sports: bungee jumping; skydiving; parachuting; hang gliding; or ballooning.

## C. ADDITIONAL BENEFITS

An additional benefit may be payable for a Loss for which a benefit is payable under the other terms of this Coverage or would be payable except for the Limitation Per Accident of those terms. Any such benefit is payable in addition to any other benefit payable under this Coverage. Any additional conditions that apply to an additional benefit are shown below. An additional benefit is payable only if those conditions are met.

(1) **Additional Benefit for Loss of Life as a Result of an Accident in a Four Wheel Vehicle While Using a Seat Belt:**

    This additional benefit for the person's Loss of life is payable only if this test is met.

    The person sustains an accidental bodily Injury resulting in the Loss while:

    (a) the person is a driver or passenger in a Four Wheel Vehicle; and

    (b) the person is wearing a Seat Belt in the manner prescribed by the vehicle's manufacturer; and

    (c) the actual use of a Seat Belt at the time of the Injury is verified in an official report of the accident, or is certified in writing by the investigating official(s).

    Four Wheel Vehicle means a vehicle that is:

    (a) duly licensed for passenger use;

    (b) designated primarily for use on public streets and highways; and

    (c) in the list below:

        (i) a private passenger automobile;

83500
ADD R 5020

(44442-6)

      (ii)    a station wagon;

      (iii)   a van, jeep or truck-type vehicle which has a manufacturer's rated load capacity of 2,000 pounds or less; or

      (iv)   a self-propelled motor home.

Seat Belt means an unaltered lap restraint or lap and shoulder restraint.

**Losses Not Covered under this Additional Benefit:** A Loss is not covered under this additional benefit if it results from driving or riding in any Four Wheel Vehicle used in a race or a speed or endurance test, or for acrobatic or stunt driving.

**Benefit Amount Payable for Loss of Life as a Result of an Accident in a Four Wheel Vehicle While Using a Seat Belt:** The additional amount payable is shown in the Schedule of Benefits.

(2)   **Additional Benefit for Loss of Life as a Result of an Accident in a Four Wheel Vehicle Equipped with a Supplemental Restraint System:**

This additional benefit for the person's Loss of life is payable only if this test is met.

The person sustains an accidental bodily Injury resulting in the Loss while:

(a)   the person is a driver or passenger in a Four Wheel Vehicle equipped with a factory-installed Supplemental Restraint System; and

(b)   the person is in a seat designed to be protected by an air bag; and

(c)   the person is wearing a Seat Belt in the manner prescribed by the vehicle's manufacturer; and

(d)   the actual use of a Seat Belt at the time of the Injury is verified in an official report of the accident, or is certified in writing by the investigating official(s).

Four Wheel Vehicle means a vehicle that is:

(a)   duly licensed for passenger use;

(b)   designated primarily for use on public streets and highways; and

(c)   in the list below:

      (i)    a private passenger automobile;

      (ii)    a station wagon;

      (iii)   a van, jeep or truck-type vehicle which has a manufacturer's rated load capacity of 2,000 pounds or less; or

      (iv)   a self-propelled motor home.

Seat Belt means an unaltered lap restraint or lap and shoulder restraint.

Supplemental Restraint System means an air bag system intended to add protection to the head and chest areas.

83500
ADD R 5020

18

(44442-6)

**Losses Not Covered under this Additional Benefit:** A Loss is not covered under this additional benefit if it results from driving or riding in any Four Wheel Vehicle used in a race or a speed or endurance test, or for acrobatic or stunt driving.

**Benefit Amount Payable for Loss of Life as a Result of an Accident in a Four Wheel Vehicle Equipped with a Supplemental Restraint System:** The additional amount payable is shown in the Schedule of Benefits.

(3) **Additional Benefit for Return of Remains:**

This additional benefit for return of remains only applies if the person suffers a Loss of life and such Loss occurs outside a 150-mile radius of the person's home. It is payable for Covered Expenses incurred to return the person's body home to the United States, its possessions, Canada or Mexico.

Covered Expenses includes expenses for: (a) embalming; (b) cremation; (c) a coffin; and (d) transportation of the remains.

**Benefit Amount Payable for Return of Remains:** The additional amount payable is shown in the Schedule of Benefits.

(4) **Additional Benefit for Tuition Reimbursement for Your Spouse:**

This additional benefit for tuition reimbursement for your spouse only applies if you suffer a Loss of life.

An additional benefit for tuition reimbursement is payable for the person who:

(a) is your spouse on the date of your death; and

(b) enrolls in any professional or trades program within 12 months after the date of your death for the purposes of obtaining an independent source of support or enriching that spouse's ability to earn a living. Proof of enrollment must be given to Prudential.

**Benefit Amount Payable for Tuition Reimbursement for Your Spouse:** The additional benefit payable is shown in the Schedule of Benefits.

(5) **Additional Benefit for Tuition Reimbursement for Your Dependent Child:**

This additional benefit for tuition reimbursement for your dependent child only applies if you suffer a Loss of life.

An additional benefit for tuition reimbursement is payable for each dependent child less than age 23 who, on the date of death, is:

(a) your child who wholly depends on you for support and maintenance; and

(b) enrolled as a full-time student in a School; or

(c) a high school student and becomes a full-time student in a School within 365 days after that date.

Proof of enrollment must be given to Prudential.

83500
ADD R 5020

(44442-6)

School means an institution of higher learning. This includes, but is not limited to, a university, college or trade school.

**Benefit Amount Payable for Tuition Reimbursement for Your Dependent Child:** The additional amount payable is shown in the Schedule of Benefits.

(6) **Additional Benefit for Day Care Expenses for Your Dependent Child:**

This additional benefit for day care expenses for your dependent child only applies if you suffer a Loss of life.

This additional benefit is payable for each dependent child less than age 7 who:

(a) is your child who is wholly dependent on you for support and maintenance on the date of death; and

(b) is enrolled at a Day Care Center on the date of death; or

(c) becomes enrolled at a Day Care Center within 90 days after the date of death.

Proof of enrollment must be given to Prudential.

A Day Care Center is a facility which:

(a) is duly licensed, certified or accredited to provide child care by the jurisdiction in which it is located; and

(b) is operating in compliance with applicable laws and regulation of that jurisdiction.

**Benefit Amount Payable for Day Care Expenses for Your Dependent Child:** The additional amount payable is shown in the Schedule of Benefits.

---

The Claim Rules and the "To Whom Payable" part of the Schedule of Benefits apply to the payment of the benefits.

---

83500
ADD R 5020

(44442-6)

# General Information

## BENEFICIARY RULES

The rules in this section apply to insurance payable on account of your death, when the Coverage states that they do. But these rules are modified by any burial expenses rule in the Schedule of Benefits and, if there is an assignment, by the following sections: Limits on Assignments; and Effect of Gift Assignment of Rights of Group Life Insurance Under Another Group Contract.

"Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits.

You have the right to choose a Beneficiary.

If there is a Beneficiary for the insurance, it is payable to that Beneficiary. Any amount of insurance for which there is no Beneficiary at your death will be payable to the first of the following: Your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate. This order will apply unless otherwise provided in the Limits on Assignments.

You may change the Beneficiary at any time without the consent of the present Beneficiary. The Beneficiary change form must be filed through the Contract Holder. The change will take effect on the date the form is signed. But it will not apply to any amount paid by Prudential before it receives the form.

If there is more than one Beneficiary but the Beneficiary form does not specify their shares, they will share equally. If a Beneficiary dies before you, that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary form states otherwise.

## MODE OF SETTLEMENT RULES

The rules in this section apply to Employee Life Insurance payable on account of your death. But these rules are subject to the Limits on Assignments and Effect of Gift Assignment of Rights of Group Life Insurance Under Another Group Contract sections.

"Mode of Settlement" means payment other than in one sum.

Employee Life Insurance is normally paid to the Beneficiary in one sum. But a Mode of Settlement may be arranged with Prudential for all or part of the insurance, as stated below.

Arrangements for Mode of Settlement: You may arrange a Mode of Settlement by proper written request to Prudential. If, at your death, no Mode of Settlement has been arranged for an amount of your Employee Life Insurance, the Beneficiary and Prudential may then mutually agree on a Mode of Settlement for that amount.

Conditions for Mode of Settlement: The Beneficiary must be a natural person taking in the Beneficiary's own right. A Mode of Settlement will apply to secondary Beneficiaries only if Prudential agrees in writing. Each installment to a person must not be less than $20.00. A change of Beneficiary will void any Mode of Settlement arranged before the change.

83500
BBN 1001

(S-18)

Choice by Beneficiary:  A Beneficiary being paid under a Mode of Settlement may, if Prudential agrees, choose (or change the Beneficiary's choice of) a payee or payees to receive, in one sum, any amount which would otherwise be payable to the Beneficiary's estate.

Prudential has prepared information about the modes of settlement available.  Ask the Contract Holder for this.

## INCONTESTABILITY OF LIFE INSURANCE

This limits Prudential's use of your statements in contesting an amount of Life Insurance for which you are insured.  These are statements made to persuade Prudential to accept you for insurance. They will be considered to be made to the best of your knowledge and belief.  These rules apply to each statement:

(1)   It will not be used in the contest unless:

    (a)   It is in a written instrument signed by you; and

    (b)   A copy of that instrument is or has been furnished to you or to your Beneficiary.

(2)   If it relates to your insurability, it will not be used to contest the validity of insurance which has been in force, before the contest, for at least two years during your lifetime.

———————————————

## LIMITS ON ASSIGNMENTS

You may assign your insurance under a Coverage. Unless the Schedule of Benefits states otherwise, the following rules apply to assignments: (1) Insurance under any Coverage providing periodic benefits on account of disability may be assigned only as a gift assignment; (2) Insurance under any Coverage providing death benefits may be assigned either as a gift assignment or as an assignment to a viatical settlement company licensed in accordance with section 7802 of New York Insurance Law; (3) Insurance under any other Coverage may be assigned without restriction. Any rights, benefits or privileges that you have as an Employee may be assigned. This includes any right you have to choose a Beneficiary or to convert to another contract of insurance. Prudential will not decide if an assignment does what it is intended to do. Prudential will not be held to know that one has been made unless it or a copy is filed with Prudential through the Contract Holder.

This paragraph applies only to insurance for which you have the right to choose a Beneficiary, when that right has been assigned. If an assigned amount of insurance becomes payable on account of your death and, at your death, there is no Beneficiary chosen by the assignee, it will be payable to:

(1)  the assignee, if living; or

(2)  the estate of the assignee, if the assignee is not living.

It will not be payable as stated in the Beneficiary Rules.

GRP 113046

## EFFECT OF GIFT ASSIGNMENT OF RIGHTS OF GROUP LIFE INSURANCE UNDER ANOTHER GROUP CONTRACT

This Section applies to all Coverages providing Employee death benefits.

If you are eligible for insurance under the Group Contract on the Group Contract's effective date you will have no rights, benefits or privileges under any such Coverage if, on the day before that date, all the following were true:

(1)  You were insured for group life insurance under another group contract. That contract was issued by Prudential or another insurance carrier to cover Employees of the Employer.

(2)  Your group life insurance under the other group contract ended.

(3)  An irrevocable and absolute gift assignment made by you was in effect. It was made before the other contract ended. That assignment was of all your rights, benefits and privileges of the group life insurance under the other group contract. Those rights were owned by the assignee or the assignee's successor.

The owner of those rights of the group life insurance under the other group contract on the day before this Group Contract's effective date will be the owner of the rights, benefits, and privileges you would have had under a Coverage if this section did not apply. This includes, but is not limited to, any right of assignment you would have had under the Limits on Assignments section above. The term "assignee" as used in that section includes such an owner.

The term "group life insurance", as used above, means only group life insurance provided under a group contract in effect on the day before the date the Employer became included under the Group Contract.

83500
BAS 1004

(44442-6)

## DEFINITIONS

**Active Work Requirement:** A requirement that you be actively at work on full time at the Employer's place of business, or at any other place that the Employer's business requires you to go. You are considered actively at work during normal vacation if you were actively at work on your last regular scheduled workday.

**Calendar Year:** A year starting January 1.

**Contributory Insurance, Non-contributory Insurance:** Contributory Insurance is insurance for which the Contract Holder has the right to require your contributions. Non-contributory Insurance is insurance for which the Contract Holder does not have the right to require your contributions. The Schedule of Benefits shows whether insurance under a Coverage is Contributory Insurance or Non-contributory Insurance.

**Coverage:** A part of the Booklet consisting of:

(1) A benefit page labeled as a Coverage in its title.

(2) Any page or pages that continue the same kind of benefits.

(3) A Schedule of Benefits entry and other benefit pages or forms that by their terms apply to that kind of benefits.

**Covered Person under a Coverage:** An Employee who is insured for Employee Insurance under that Coverage.

**Doctor:** A licensed practitioner of the healing arts acting within the scope of the license.

**Earnings:** This is the gross amount of money paid to you by the Employer in cash for performing the duties required of your job. Bonuses, overtime pay, Earnings for more than 40 hours per week, and all other benefits are not included.

**Employee:** A person employed by the Employer; a proprietor or partner of the Employer. The term also applies to that person for any rights after insurance ends.

**Employee Insurance:** Insurance on the person of an Employee.

**The Employer:** Collectively, all employers included under the Group Contract.

**Injury:** Injury to the body of a Covered Person.

**Prudential:** The Prudential Insurance Company of America.

**Sickness:** Any disorder of the body or mind of a Covered Person, but not an Injury; pregnancy of a Covered Person, including abortion, miscarriage or childbirth.

**You:** An Employee.

———————————————

83500
BAS 1004

(44442-6)

# When Your Insurance Ends

## EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will end when the first of these occurs:

- You are no longer in the Covered Classes for the insurance because your employment ends (see below) or because your class changes.

- Your class is removed from the Covered Classes for the insurance.

- The part of the Group Contract providing the insurance ends.

- For Contributory Insurance under a Coverage of the Group Contract, you fail to pay, when due, any contribution required.

**End of Employment:** For insurance purposes, your employment will end when you are no longer a full-time Employee actively at work for the Employer. But, under the terms of the Group Contract, the Contract Holder may consider you as still employed in the Covered Classes during certain types of absences from full-time work. This is subject to any time limits or other conditions stated in the Group Contract.

If you stop active full-time work for any reason, you should contact the Employer at once to determine what arrangements, if any, have been made to continue any of your insurance.

---

83500
BTE 1001

(44442-6)

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

# Certificate of Coverage

**Prudential** certifies that insurance is provided according to the Group Contract(s) for each Insured Employee. Your Booklet's Schedule of Benefits shows the Contract Holder and the Group Contract Number(s).

Insured Employee: You are eligible to become insured under the Group Contract if you are in the Covered Classes of the Booklet's Schedule of Benefits and meet the requirements in the Booklet's Who is Eligible section. The When You Become Insured section of the Booklet states how and when you may become insured for each Coverage. Your insurance will end when the rules in the When Your Insurance Ends section so provide. Your Booklet and this Certificate of Coverage together form your Group Insurance Certificate.

Beneficiary for Employee Death Benefits: See the Booklet's Beneficiary Rules.

Coverages and Amounts: The available Coverages and the amounts of insurance are described in the Booklet.

If you are insured, this Booklet and Certificate of Coverage form your Group Insurance Certificate. Together they replace any older booklets and certificates issued to you for the Coverages in the Booklet's Schedule of Benefits. All Benefits are subject in every way to the entire Group Contract which includes the Group Insurance Certificate.

The Prudential Insurance Company of America
751 Broad Street
Newark, New Jersey 07102

83500
BCT 5005

(S-1)

**The Summary Plan Description**

**is not part of the**

**Group Insurance Certificate.**

**It has been provided by**

**your Employer and included in**

**your Booklet-Certificate**

**upon the Employer's request.**

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

Employee Term Life Coverage for All Employees of Fordham University classified by the Employer as Faculty and Administrators

**Plan Number**

535

**Type of Plan**

Employee Welfare Benefit Plan

**Plan Sponsor**

Fordham University
441 East Fordham Road
Bronx, New York  10458

**Employer Identification Number**

13-1740451

**Plan Administrator**

Fordham University
Attention:  Human Resources Department
441 East Fordham Road
Bronx, New York  10458

**Agent for Service of Legal Process**

Fordham University
Attention:  Human Resources Department
441 East Fordham Road
Bronx, New York  10458

**Plan Year Ends**

August 31

**Plan Benefits Provided by**

The Prudential Insurance Company of America
751 Broad Street
Newark, New Jersey  07102

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). For all purposes of this Group Contract, the Employer/Policyholder acts on its own behalf or as an agent of its employees. Under no circumstances will the Employer/Policyholder be deemed the agent of The Prudential Insurance Company of America, absent a written authorization of such status executed between the Employer/Policyholder and The Prudential Insurance Company of America. Nothing in these documents shall, of themselves, be deemed to be such written execution.

The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

## Loss of Benefits

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. It is intended that this plan will be continued for an indefinite period of time. But, the employer reserves the right to change or terminate the plan. This booklet describes your rights upon termination of the plan.

## Claim Procedures

### 1. Determination of Benefits

Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled (i.e., suspended) from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

(a) the specific reason(s) for the denial,

(b) references to the specific plan provisions on which the benefit determination was based,

(c) a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

(d) a description of Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

    (e)   if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

2.   Appeals of Adverse Determination

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by Prudential, utilizing individuals not involved in the initial benefit determination. This review will not afford any deference to the initial benefit determination.

Prudential shall make a determination on your claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to an additional 45 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date that Prudential expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled (i.e., suspended) from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include:

    (a)   the specific reason(s) for the adverse determination,

    (b)   references to the specific plan provisions on which the determination was based,

    (c)   a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

    (d)   a description of Prudential's review procedures and applicable time limits,

    (e)   a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

    (f)   a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

SPD

(44442-6)

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second, voluntary appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Prudential shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to an additional 45 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which Prudential expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to this voluntary second level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting to a second level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the second level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

## Rights and Protections

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions by Plan Fiduciaries**

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

**Enforce Your Rights**

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Employee Benefits Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

EXHIBIT "B"

# Prudential ⊕ Financial

**Group Insurance**

Please send the completed form and all attachments to:

**The Prudential Insurance Company of America**
**Group Life Claim Division**
**P.O. Box 8517**
**Philadelphia, PA 19101**

## Group Life Insurance Claim Form (Use for employee/member and dependent death claims)

Group Insurance Contract Holder Statement  To be completed by Employer/Plan Administrator. Please complete all five sections.

### 1 Deceased's Information

First Name: A B R A H A M
MI:
Last Name: A B R A M O U S K Y

Social Security Number: 1 2 8 3 8 9 2 9 6
Date of Birth (mm dd yyyy): 0 8 1 2 1 9 4 6
Date of Death (mm dd yyyy): 0 7 2 3 2 0 0 7

Gender: ☑ Male ☐ Female
Relationship to Employee: ☑ Employee ☐ Spouse ☐ Child ☐ Other
State of Residence: N Y

Did employee have accidental death coverage? ☑ Yes ☐ No
Date of Accident (mm dd yyyy): N/A
State of Accident:

AKA: First Name:
Last Name:

### 2 Employee/Member Information

First Name: A B R A H A M
MI:
Last Name: A B R A M O V S K Y

Social Security Number: 1 2 8 3 8 9 2 9 6
Date of Birth (mm dd yyyy): 0 8 1 2 1 9 4 6

Date of Employment (mm dd yyyy): 0 9 0 1 1 9 7 1
☐ Hourly ☐ Salary
☐ Union ☑ Non-union
☐ Part Time ☑ Full Time
Date Last Worked (mm dd yyyy): 0 6 0 5 2 0 0 7

Occupation: L A W   P R O F E S S O R
Where Employed: F O R D H A M   U N I V E R S I T Y

If not actively at work immediately prior to death, what was the reason?
☐ Disability ☐ Leave of Absence ☐ Vacation ☐ Discharge
☐ Resigned ☐ Retired ☐ Temporary Layoff ☐ Other

Street Address (where employed): 1 4 0   W E S T   6 2 d   S t r e e t
Apt.:
City: N E W   Y O R K
State: N Y
ZIP Code: 1 0 0 2 3

### 3 Employer/Association Information

Employer's Name: F O R D H A M   U N I V E R S I T Y

Street: 4 4 1   E A S T   F O R D H A M   R O A D
Suite:

City: B R O N X
State: N Y
ZIP Code: 1 0 4 5 8

Telephone Number: 7 1 8 8 1 7 4 9 5 2

---

6L.98.50 Standard     Ed. 6/2003     87101     0G.2003-PDF     Page 2 of 8

# Prudential Financial

Deceased's Social Security Number: 1 2 8 3 8 9 2 9 6

## 4 Insurance Coverages

Complete only the coverage(s) that apply to this claim.

| Group Coverage | Control Number | Amount | Effective Date of Coverage (mm dd yyyy) | Branch |
|---|---|---|---|---|
| ☑ Basic Term Life | 4 4 4 2 | $ 1 1 6 0 0 0 0 0 | 0 4 0 1 1 9 7 7 | |
| ☐ Optional Term Life | | | | |
| ☐ Dependent Term Life | | | | |
| ☐ Dependent Optional Term Life | | | | |
| ☐ Group Universal Life | | | | |
| ☐ Group Variable Universal Life | | | | |
| ☐ Dependent Group Universal Life | | | | |
| ☐ Dependent Group Variable Universal Life | | | | |
| ☐ Accidental Death | | | | |
| ☐ Group Universal Accidental Death | | | | |
| ☐ Dependent Accidental Death | | | | |
| ☐ Optional Accidental Death | | | | |
| ☐ Dependent Optional Accidental Death | | | | |
| ☐ Dependent Group Universal Accidental Death | | | | |
| ☐ Business Travel Accidental Death | | | | |
| ☐ Dependent Business Travel Accidental Death | | | | |

Salary Amount on Last Day Worked

$ 1 1 6 5 0 0 0 0 per ☐ Hour ☐ Week ☐ Month ☑ Year

Was insurance ever assigned? ☐ Yes ☑ No

If yes, please attach a copy of assignment and all related papers. For collateral assignment, please attach assignee's statement of indebtedness.

Has insurance percentage increased in last two years? ☐ Yes ☑ No    If yes, provide date (mm dd yyyy):

Was evidence of insurability required to secure current coverage? ☐ Yes ☑ No

Is there contributory insurance? ☑ Yes ☐ No

Date Last Premium Paid (mm dd yyyy): 0 7 1 9 2 0 0 7

Was insurance in force on date of death? ☑ Yes ☐ No    If no, provide date (mm dd yyyy):    Insurance Terminated

Conversion Privilege Offered (if available)

Did the employee and/or the covered dependent suffer a loss as defined by the BTA contract? ☐ Yes ☑ No    If yes, an officer of the company must provide a written statement validating the circumstances of the accidental death.

GL98.50 Standard    Ed. 6/2003    B 7 1 0 1    06.2003-PDF    Page 3 of 8

# Prudential Financial

Deceased's Social Security Number
1 2 3 3 8 5 2 6 6

**5 Payment Information**

Mail payment to: ☐ Employer at address listed on page 2   ☒ Beneficiary(ies) at address(es) listed below.   ☒ Other (please specify in cover letter)

Please provide the following information about the beneficiary(ies). If the claim is for a dependent child, list the employee as beneficiary.

**Name of Beneficiary**
AVIVA ABRAMOVSKY

**Date of Birth (mm dd yyyy)**
03 01 1976

**Social Security Number**
273 70 3604

**Relationship to Deceased**
DAUGHTER

**Telephone Number**
315 378 4715

**Residence Street**
411 CRAWFORD AVENUE

**Apt.**

**City**
SYRACUSE

**State**
NY

**ZIP Code**
13224

**Name of Beneficiary**
ARI ABRAMOVSKY

**Date of Birth (mm dd yyyy)**
08 02 1983

**Social Security Number**
097 74 5956

**Relationship to Deceased**
SON

**Telephone Number**
315 378 4715

**Residence Street**
318 SCOTT AVENUE

**Apt.**

**City**
SYRACUSE

**State**
NY

**ZIP Code**
13224

**Name of Beneficiary**
DOV ABRAMOVSKY

**Date of Birth (mm dd yyyy)**
08 02 1983

**Social Security Number**
097 74 5618

**Relationship to Deceased**
SON

**Telephone Number**
315 378 4715

**Residence Street**
318 SCOTT AVENUE

**Apt.**

**City**
SYRACUSE

**State**
NY

**ZIP Code**
13224

Completed by (name of representative of the employer or benefit administrator)
**Please print or type name**  Larry Drells

**Signature**  X Larry Drell

**Date (mm dd yyyy)**
04 27 2005

# Prudential Financial

Deceased's Social Security Number: 1 2 8 3 8 4 2 9 6

**5 Payment Information Continued**

Mail payment to: ☐ Employer at address listed on page 2 ☒ Beneficiary(ies) at address(es) listed below ☒ Other (please specify in cover letter)

Please provide the following information about the beneficiary(ies). If the claim is for a dependent child, list the employee as beneficiary.

**Name of Beneficiary:** Abba Abramovsky
**Date of Birth (mm dd yyyy):** 0 5 0 4 1 9 8 6
**Social Security Number:** 0 9 5 4 4 2 6 6 0
**Relationship to Deceased:** Son
**Telephone Number:** 6 4 0 4 5 6 5 5 0 4
**Residence: Street:** 4 2 3 EAST 77 STREET
**Apt.:** 2 0 1
**City:** NEW YORK
**State:** NY
**ZIP Code:** 1 0 0 2 1

**\* Name of Beneficiary:** Orly Calderon
**Date of Birth (mm dd yyyy):** 1 2 2 6 1 9 6 2
**Social Security Number:** 1 1 1 7 2 0 7 6 2
**Relationship to Deceased:** Friend
**Telephone Number:** 7 1 8 7 9 6 8 6 6 0
**Residence: Street:** 2 6 0 0 NETHERLAND AVE.
**Apt.:** 1 2 2 S
**City:** RIVERDALE
**State:** NY
**ZIP Code:** 1 0 4 6 3

**\* Name of Beneficiary:** Deborah Abramovsky
**Date of Birth (mm dd yyyy):** 0 4 1 3 1 9 4 8
**Social Security Number:** 0 5 2 4 0 0 0 4 8
**Relationship to Deceased:** Ex-Spouse
**Telephone Number:** 3 1 5 3 7 8 4 1 7 4
**Residence: Street:** 3 1 8 SCOTT AVENUE
**Apt.:**
**City:** SYRACUSE
**State:** NY
**ZIP Code:** 1 3 2 2 4

**Completed by (name of representative of the employer or benefit administrator)**
Please print or type name: Larry DiPillo

Signature X _Larry DiPillo_
**Date (mm dd yyyy):** 0 9 2 7 2 0 0 7

\* Please see explanation in enclosed cover letter and documents
from divorce decree submitted by Deborah Abramovsky.

GL.98.50 Standard    Ed. 6/2003        06.2003–PDF    Page 5 of 8

8 7 1 0 1

# Prudential ⊕ Financial

RECEIVED SEP 1 9

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return this form to the deceased's Employer/Plan Administrator.

**1** Deceased's Information

First Name: A B R A H A M

M.I.: 

Last Name: A B R A M O V S K Y

Social Security Number: 1 2 8 3 8 9 2 9 6

**2** Beneficiary's Information

First Name: A V I V A

MI: 

Last Name: A B R A M O V S K Y

Street: 4 1 1 C R A W F O R D. A V E

Suite: 

City: S Y R A C U S E

State: N Y

ZIP Code: 1 3 2 2 4

Telephone Number: 3 1 5 3 7 8 4 7 1 5 or 445-0669

Date of Birth (mm dd yy): 03/01/1976

**3** Taxpayer Identification Number and Certification

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number. If you:

- are an individual, your Taxpayer Identification Number is the Social Security Number.
- represent a trust or estate, the Taxpayer Identification Number is its Employer Identification Number.
- represent a minor, please provide the minor's Social Security Number.
- are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**
Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number [Social Security Number]. I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary: 0 7 3 7 0 3 6 0 4

Check here only if you are subject to backup withholding:

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____ (Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

X _[signature]_
Signature

Date (mm dd yyyy): 0 8 0 8 2 0 0 7

GL.98.50 Standard    Ed. 6/2003

06.2003-PDF

Page 6 of 6

8 7 1 0 1

# Prudential Financial

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return the form to the deceased's Employer/Plan Administrator.

**1 Deceased's Information**

First Name: `ABRAHAN`   MI: ` `   Last Name: `ABRAMOVSKY`

Social Security Number: `128 38 1296`

**2 Beneficiary's Information**

First Name: `ARI`   MI: ` `   Last Name: `ABRAMOVSKY`

Street: `3118 SCOTT AVE`   Suite: ` `

City: `SYRACUSE`   State: `NY`   ZIP Code: `13224`

Telephone Number: `315 378 4715`   Date of Birth (mm dd yyyy): `08 02 1983`

**3 Taxpayer Identification Number and Certification**

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number. If you:

- are an individual, your Taxpayer Identification Number is the Social Security Number.
- represent a trust or estate, the Taxpayer Identification Number is the Employer Identification Number.
- represent a minor, please provide the minor's Social Security Number.
- are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**

Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number (Social Security Number). I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary: `097 74 5456`

Check here only if you are subject to backup withholding:

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____
(Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

X _Signature_ (signed)   Date (mm dd yyyy): `08 09 2007`

GL.98.50 Standard   Ed. 6/2003   06.2003-PDF   Page 6 of 8

8 7 1 0 7

# Prudential ⊕ Financial

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return the form to the deceased's Employer/Plan Administrator.

**1 Deceased's Information**

First Name: A B R A H A M
MI:
Last Name: A B R A M O V S K Y

Social Security Number: 1 2 8 3 8 9 2 9 4

**2 Beneficiary's Information**

First Name: D O V
MI:
Last Name: A B R A M O V S K Y

Street: 3 1 8 S c o t t A v e
Suite:

City: S Y R A C U S E
State: N Y
ZIP Code: 1 3 2 2 4

Telephone Number: 3 1 5 3 7 8 4 7 1 5
Date of Birth (mm/yy/mm): 0 5 0 2 1 9 8 3

**3 Taxpayer Identification Number and Certification**

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number. If you:

- are an individual, your Taxpayer Identification Number is the Social Security Number.
- represent a trust or estate, the Taxpayer Identification Number is its Employer Identification Number.
- represent a minor, please provide the minor's Social Security Number.
- are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**
Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number (Social Security Number). I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary: 0 3 5 7 7 5 6 1 8

Check here only if you are subject to backup withholding:

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____
  (Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature: _____
Date (mm/dd/yy): 0 8 0 9 2 0 0 7

GL.99.50 Standard    Ed. 6/2003

06.2003-PDF    Page 6 of 8

# Prudential Financial

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return the form to the deceased's Employer/Plan Administrator.

**1 Deceased's Information**

First Name: `Abraham`    MI: ` `    Last Name: `Abramovsky`

Social Security Number: `128 38 9296`

**2 Beneficiary's Information**

First Name: `Abba`    MI: `Z`    Last Name: `Abramovsky`

Street: `423 East 77th St`    Suite: `2B`

City: `New York`    State: `NY`    ZIP Code: `10021`

Telephone Number: `516 457 5514`    Date of Birth (mo/dd/yyyy): `05 04 1980`

**3 Taxpayer Identification Number and Certification**

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number. If you:

- are an individual, your Taxpayer Identification Number is the Social Security Number.
- represent a trust or estate, the Taxpayer Identification Number is its Employer Identification Number.
- represent a minor, please provide the minor's Social Security Number.
- are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**
Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number (Social Security Number). I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary `097 74 2665`

Check here only if you are subject to backup withholding:

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____
(Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

X _(signature)_    Date (mo/dd/yyyy): `08 08 2007`
Signature

GL.98.50 Standard    Ed. 6/2003    06.2003-PDF    Page 6 of 8

09/17/2007 09:16 FAX 718 817 46          FORDHAM UNIVERSITY          ☑002

# Prudential 🌐 Financial

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return the form to the deceased's Employer/Plan Administrator.

**1 Deceased's Information**

First Name: Abraham

M: 

Last Name: Abramovsky

Social Security Number: 123 38 9256

**2 Beneficiary's Information**

First Name: Orly

M: 

Last Name: Calderon

Street: 2600 Netherland Ave

Suite: 12G

City: Riverdale

State: NY

ZIP Code: 10463

Telephone Number: 718 296 6616

Date of Birth (yyyy mm): 12 26 1962

**3 Taxpayer Identification Number and Certification**

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number if you:

- are an Individual, your Taxpayer Identification Number is the Social Security Number.
- represent a trust or estate, the Taxpayer Identification Number is its Employer Identification Number.
- represent a minor, please provide the minor's Social Security Number.
- are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**
Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number (Social Security Number). I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary: 111 42 6462

Check here only if you are subject to backup withholding.

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____
(Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

X _____
Signature

Date (yyyy mm dd): 09 17 2007

GL99.50 Standard    Ed. 6/2003          06.2003.PDF    Page 5 of 6

# Prudential Financial

## Beneficiary Statement

Each beneficiary should complete Sections 1, 2, and 3. If accidental death or Business Travel Accident benefits are being claimed, Section 4 should also be completed. Return the form to the deceased's Employer/Plan Administrator.

**1 Deceased's Information**

First Name: ABRAHAM
MI:
Last Name: ABRAMOVSKY

Social Security Number: 128 38 9176

**2 Beneficiary's Information**

First Name: Deborah
MI:
Last Name: Abramovsky

Street: 318 Scott Ave
Suite:

City: Syracuse
State: NY
ZIP Code: 13224

Telephone Number: 315 378 4175
Date of Birth (MM DD YYYY): 04 13 1948

**3 Taxpayer Identification Number and Certification**

Prudential requires your Taxpayer Identification Number. The Taxpayer Identification Number is either the Social Security Number or the Employer Identification Number. If you:

• are an individual, your Taxpayer Identification Number is the Social Security Number.
• represent a trust or estate, the Taxpayer Identification Number is its Employer Identification Number.
• represent a minor, please provide the minor's Social Security Number.
• are applying for a Taxpayer Identification Number, please write "applied for" in the space provided.

**TAXPAYER IDENTIFICATION NUMBER/FORM W9 CERTIFICATION:**
Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number (Social Security Number). I further certify that the citizen/residency status I have listed on this form is my correct citizen/residency status. I am not subject to backup withholding because (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding, (b) the IRS has told me that I am no longer subject to a backup withholding order, or (c) I am exempt from backup withholding.

Social Security Number or Taxpayer Identification Number of beneficiary: 058 70 0285

Check here only if you are subject to backup withholding:

☐ I have been notified by the Internal Revenue Service that I am subject to backup withholding due to underreporting of interest or dividends.

☐ I am not a U.S. person (including resident alien). I am a citizen of _____
(Attach completed IRS Form W-8BEN, if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature: X Deborah Abramovsky
Date (MM DD YYYY): 01 21 2007

GL.98.50 Standard       Ed. 6/2003

06.2003-PDF       Page 6 of 8

8  7  1  0  1

# EXHIBIT "C"

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

## DEATH TRANSCRIPT

DATE FILED · THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE

**NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE**

CERTIFICATE OF DEATH — Certificate No. **156-07-030226**

JUL 25 2007 09:53 AM

**DECEDENT'S LEGAL NAME:** ABRAHAM (First Name) ABRAMOVSKY (Last Name)

| Place of Death | Type of Place | Name of hospital or other facility (if not facility, street address) |
|---|---|---|
| 2a. New York City MANHATTAN | 1 Hospital Inpatient / Emergency Dept/Outpatient / Dead on Arrival / Nursing Home/Long Term Care Facility / Hospice Facility / Decedent's Residence / Other | 154 WEST 70th ST. # 12H |

| Date and Time of Death | 3a. (Month) JULY | (Day) 23 | (Year) 2007 | 3b. Time 6:05 PM | 4. Sex MALE | 4a. Date Date last attended by a Physician 02 16 2007 |

To the best of my knowledge death occurred... **HARVEY L. BENOVITZ**
115 Central Park West, NY, NY 10023    License No. 198003    7/24/07

| 7a. Usual Residence State NEW YORK | 7b. County BRONX | 7c. City or Town RIVERDALE | Apt. No. 1825 | ZIP Code 10463 |
| 7d. Street and Number 2600 NETHERLAND AVENUE | | | | 7f. Inside City Limits Yes/No |

| 8. Date of Birth (Month) AUGUST (Day) 12 (Year) 1946 | 9. Age at last birthday 60 | Under 1 Year Months Days | Under 1 Day Hours Minutes | 10. Social Security No. 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 |

| 11. Usual Occupation PROFESSOR | 11a. Kind of business or industry LAW |

| 12. Birthplace (City & State or Foreign Country) JERUSALEM, ISRAEL | 14. Education | 14a. ... |

| 15. Ever in U.S. Armed Forces? No Yes | 16. Marital Status at Time of Death Married | 17. Surviving Spouse's Name (If wife, name prior to first marriage) (First, Middle, Last) |

| 18. Father's Name (First, Middle, Last) ABBA ZEBULAN ABRAMOVSKY | 19. Mother's Maiden Name (Prior to first marriage) (First, Middle, Last) AHUVA KRUGLIKOV |

| 20a. Informant's Name ABBA ABRAMOVSKY | 20b. Relationship to Decedent SON | 20c. Address (Street and Number) 423 EAST 77TH ST. #12B, NEW YORK, NY 10021 |

| 21. Method of Disposition Burial / Cremation / Entombment / City Cemetery | 21a. Place of Disposition (Name of cemetery, crematory or other place) Kiryat Shoin Cemetery |

| 21b. Location of Disposition (City & State or Foreign Country) Tel Aviv, Israel | 21c. Date of Disposition 07 26 2007 |

| 22a. Funeral Establishment RIVERSIDE MEMORIAL CHAPEL | 22b. Address (Street and Number) 180 WEST 76TH ST. | City & State NEW YORK, NY | ZIP Code 10023 |

This is a certified that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Steven P. Schwartz, Ph.D., City Registrar

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code. Duplication or violation of any provision of the Health Code or any other law.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

DATE ISSUED: **July 25, 2007**    DOCUMENT NO. **V598572**

# EXHIBIT "D"



Matrimonial
At a~~IAS~~ Part of the Supreme Court of the
State of New York, County of Nassau at the
Courthouse thereof, located at 400 County
Seat Dr., Mineola, New York, on the
day of   8/12              , 2002

PRESENT:        **John D. Thirkield**
        ~~HON.~~   **Special Referee**
                ~~J.S.C.~~

=============================X

DEBORAH ABRAMOVSKY
SOCIAL SECURITY NO. 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

                    Plaintiff,                    **JUDGMENT OF DIVORCE**

        - against -

ABRAHAM ABRAMOVSKY                        INDEX NO. 2002 201702
SOCIAL SECURITY NO. 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

                                            ENTERED:
                    Defendant.
=============================X        AT:

The Plaintiff having brought this action for a judgment of absolute divorce by reason of the
parties having lived separate and apart for a period of more than one (1) year after the execution of
a Separation Agreement entered into on May 2nd, 2001, and the Summons bearing the notation
"Action for a Divorce" and a statement of any ancillary relief having been duly served upon the
defendant personally within the State of New York, and the defendant having served a Verified
Answer neither admitting nor denying the allegations of the complaint, waiving the statutory period
under CPLR 3402 or otherwise concerning notice and consenting to this matter being submitted on
the court's uncontested matrimonial calendar, and the plaintiff having applied on due notice to the
defendant to this Court for Judgment for the relief demanded in her complaint, and the plaintiff
having submitted written proof of service and in support of the essential allegations of her complaint
and such proof having been considered by me, I decide and find as stated in the separate Findings
of Fact and Conclusions of Law of even date herewith,

NOW, on motion of ARTHUR E. SHULMAN, ESQ., attorney for the Plaintiff, it is

1

ADJUDGED that the marriage relation existing by and between DEBORAH ABRAMOVSKY, the plaintiff, and ABRAHAM ABRAMOVSKY., the defendant, is hereby dissolved by reason of the parties having lived separate and apart for a period of more than one (1) year after the execution of the Separation Agreement entered into on May 2nd, 2001, and it is further

ADJUDGED that the plaintiff shall have custody of the unemancipated children, to wit: ARI ABRAMOVSKY, born August 2nd, 1983, Social Security No. 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; and DOV ABRAMOVSKY, born August 2nd, 1983, Social Security No. 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, subject to the visitation rights of the defendant as provided in the Separation Agreement dated May 2nd, 2001; and it is further

ADJUDGED that:

(a) the basic child support obligation in this case is $1,666.00 per month on the amount of combined income up to $80,000;

(b) the defendant's pro rata share of the basic child support obligation is $1256.16 per month on the parties' combined parental income up to $80,000 per year;

(c) the basic child support obligation on combined parental income over $80,000 per year is calculated as follows: $3,583.33 per month for the 2 unemancipated children;

(d) the defendant's pro rata share of the basic child support obligation is $2,701.83 per month on combined parental income over $80,000 per year;

(e) the parties have opted out of the child support act by providing that the defendant agree to pay 100% of the basic child support obligation on the parties' combined parental income up to $80,000 per year;

The parties have been advised of the provisions of DRL Section 240(1-b);

The basic child support obligation as defined in D.R.L. Section 240(1-b) presumptively results in the correct amount of child support to be awarded;

The unrepresented party, if any, has received a copy of the child support standards chart promulgated by the Commissioner of Social Services pursuant to Social Services Law Section 111-i;

(e) The amount of child support agreed to therein exceeds the basic child support obligation on combined parental income up to $80,000 , and is approved by the Court; and it is further

ORDERED AND ADJUDGED that defendant shall pay directly to the plaintiff, by check or money order, the sum of $1,666 per month payable in two monthly installments of $833 on the first and fifteenth of each month for the support of the unemancipated children, ARI ABRAMOVSKY, born August 2nd, 1983, Social Security No. 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; and DOV ABRAMOVSKY, born August 2nd, 1983, Social Security No. 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; and it is further

ORDERED AND ADJUDGED that pursuant to the parties' Separation Agreement dated May 2nd, 2001, the defendant shall make additional payments to the Wife or directly to the health care provider as and for child support for the unemancipated children of the marriage in an amount equal to seventy (70%) percent of any and all unreimbursed medical, dental, pharmaceutical and eye care expenses, and 70% percent of any uncovered mental health care expenses provided that both parents consent in advance to the children undergoing treatment for mental health care related problems, which consent shall not be unreasonably withheld; and it is further

ORDERED AND ADJUDGED that pursuant to the parties' Separation Agreement dated May 2nd, 2001, the defendant shall pay the cost for undergraduate college, including tuition, room, board, application fees and activity fees for the children, ARI ABRAMOVSKY, born the 2nd day of August, 1983; and DOV ABRAMOVSKY, born the 2nd day of August, 1983, for their full-time attendance in good standing at an accredited college or university of their parent's mutual choice, less any state and federal student grants or scholarships which they may be entitled to receive; and it is further

ORDERED AND ADJUDGED that pursuant to the parties' Separation Agreement *and terms therein* dated May 2nd, 2001, the defendant shall irrevocably maintain his life insurance through his employment with Fordham University for the benefit of the Wife and the children for so long as he is entitled to do so, ~~in the following proportions: One-Fifth (1/5) for the benefit of the Wife; and Four Fifths (4/5) for the benefit of the four (4) children of the marriage, to wit: AVIVA ABRAMOVSKY, born the 1st day of March, 1976; ABBA ABRAMOVSKY, born the 4th day of May, 1980; ARI~~

3

~~ABRAMOVSKY, born the 2nd day of August, 1983; and DOV ABRAMOVSKY, born the 2nd day~~
of August, 1983, with the Wife to be named as Trustee for any of the minor children for so long as
they remain minors. The defendant's obligation to maintain this life insurance shall terminate upon
the Husband's termination of employment with Fordham University and/or if the cost of said
insurance to the defendant is substantially increased by Fordham University. Furthermore, unless
terminated for one of the above reasons, the defendant's obligation to maintain the life insurance
herein shall continue until the Wife reaches the age of sixty-two (62) years of age, however if the
defendant's obligation to pay maintenance to the Wife shall cease, then the defendant's obligation
to name the Wife on his life insurance policy shall cease and the Wife's 1/5 share shall be paid to
~~the 4 children of the marriage; and it is further~~

ORDERED AND ADJUDGED that pursuant to the parties' Separation Agreement dated May
2nd, 2001, the unemancipated children shall be enrolled and entitled to receive health insurance
benefits as described herewith with CIGMA Health Care, for which coverage a Qualified Medical
Child Support Order is submitted herewith to be signed simultaneously with this Judgment, and it
is further

ORDERED AND ADJUDGED that pursuant to the parties' Separation Agreement dated
May 2nd, 2001, the Wife-Alternate Payee shall be entitled to receive a 25% share of the total value
of the Husband's Retirement Plan with TIAA CREF PLAN or any other retirement system or
successor to said Plan in the event said Plan is merged with another plan sponsored by another
retirement system, by whatever name, as of March 31st, 2001, and the Wife's attorney shall submit
for signing with the Judgment of Divorce or as soon thereafter as possible a Qualified Domestic
Relations Order for the Wife's said share, and it is further

ORDERED AND ADJUDGED that as provided in the parties' Separation Agreement dated
the 2nd day of May, 2001, the Husband shall pay to the Wife, as and for her support and
maintenance, a sum equal to the yearly amount of the real estate taxes payable on the marital real
property located at 36 Gilbert Lane, Plainview, New York 11803, and it is further

4

ORDERED AND ADJUDGED that as provided in the parties' Separation Agreement dated the 2nd day of May, 2001, immediately after the court grants a divorce judgment, the Husband shall transfer to the Wife, free and clear of any and all mortgage liens, including the outstanding mortgage with GreenPoint and any adverse liens caused by the Husband, his interest in the marital premises and will sign a deed and all other documents necessary to accomplish this transfer; and it is further

ORDERED AND ADJUDGED that the written Stipulation of Settlement entered into between the parties on the 2nd day of May, 2001, a copy of which is on file with the Court and incorporated in this Judgment by reference, shall survive and shall not be merged in this Judgment and the parties are directed to comply with every legally enforceable term and provision, including any provision to submit an appropriate issue to arbitration before a single arbitrator, as if such term or provision were set forth in its entirety herein, and the Court retains jurisdiction of the matter, concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of the written Stipulation of Settlement as are capable of specific enforcement or, to the extent permitted by law, of making such further Judgment with respect to maintenance, support, custody and visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both; and it is further

ORDERED AND ADJUDGED that the plaintiff is authorized to resume the use of her maiden name, to wit: WRIGHT, or other former surname.

The defendant shall be served with a copy of this Judgment of Divorce with Notice of Entry by the attorney for the plaintiff within 20 days of such entry.

ENTER  8/12/02

_Supreme Court Justice_

John D. Thirkield
Special Referee

COUNTY CLERK'S OFFICE
STATE OF NEW YORK
COUNTY OF NASSAU
} ss:

ABRAMOVSKY
V   2002 26/702
ABRAMOVSKY

I, Karen V. Murphy, Clerk of the County of Nassau and of the Supreme and County Courts, Courts of Record, do hereby certify that I have compared the annexed with the original DIVORCE JUDGMENT filed in my office 8-13-02 and that the same is a true transcript thereof, and of the whole of such original. In Testimony Whereof, I have hereunto set my hand and affixed the seal of said County and Court. 9-10-02

Karen V. Murphy

5

ENTERED

AUG 13 2002

NASSAU COUNTY
COUNTY CLERKS OFFICE

Oct 09 07 12:04p    Dov Abramovsky        315-378 `175        p.8



---

# SEPARATION AGREEMENT

## DATED MAY 2ND, 2001

### BETWEEN

## DEBORAH ABRAMOVSKY
### and
## ABRAHAM ABRAMOVSKY

---

Filed By:

**ARTHUR E. SHULMAN, ESQ.**
Attorney for Deborah Abramovsky
222 Middle Country Road, Suite 200
Smithtown, New York 11787
(631) 265-9400

---

# SEPARATION AGREEMENT

SEPARATION AGREEMENT (hereinafter referred to as the "Agreement") made and entered into on this 2nd day of MAY, 2001, by and between DEBORAH ABRAMOVSKY, residing at 36 Gilbert Lane. Plainview, New York 11803. hereinafter referred to as the "Wife", and ABRAHAM ABRAMOVSKY, residing at 154 West 70th Street, Apt. 12H, New York, New York 10023, hereinafter referred to as the "Husband".

## WITNESSETH:

WHEREAS, the parties hereto were duly married to each other on September 21st, 1970, in the County of the Bronx, State of New York, and there are four issue born of the said marriage. to wit: Aviva Abramovsky, born the 1st day of March, 1976; Abba Abramovsky, born the 4th day of May, 1980; Ari Abramovsky, born the 2nd day of August, 1983; and Dov Abramovsky, born the 2nd day of August, 1983;  and no other children are expected; and

WHEREAS,  certain unhappy and irreconcilable differences have arisen between the parties. as a result of which they intend to separate and intend to live separate and apart from each other; and

WHEREAS, it is the intention of the parties to continue to so live separate and apart from each other, and it is their desire to enter into an agreement under which their respective financial and property rights, remedies, privileges and obligations to each other, arising out of the marriage relation or otherwise, shall be fully prescribed and bounded thereby; and

WHEREAS, the parties hereto have both been fully, separately and independently apprized of their respective legal rights, remedies, privileges and obligations, arising out of the marriage relation or otherwise, by counsel or other persons of their own choice and selection, and each having, in addition thereto, made independent inquiry and investigation with respect to all of the same, and each having been fully informed of the other's assets, property holdings, income and prospects; and

WHEREAS, the parties hereto each warrant and represent to the other that they and each of them, fully understand all the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of this agreement to be performed or contemplated by each of them

hereunder, and each believes the same to be fair, just, reasonable and to his/her respective individual best interests; and

WHEREAS, each of the parties warrants and represents to the other that they have taken into consideration the following factors;

a. The duration of the marriage and the age and health of both parties;

b. The loss to either party of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution;

c. Any equitable claim to, interest in or direct contribution made to the acquisition of marital property by the party not having title;

d. Any equitable claim to the appreciation of separate property as a result of the indirect or direct efforts of the other party and such efforts of the other party furthering the career or career potential of the other party;

e. The liquid or non-liquid character of all marital property;

f. The probable future financial circumstances of each party;

g. The educational background and degree status of each party;

h. The past and present job experience of each party;

i. The impossibility or difficulty of evaluation of any component, asset or any interest in a business, corporation or profession; and the economic desirability of retaining such assets or interest intact and free from any claim or interference by any other party;

j. The present and past incomes of each party during the term of the marriage from any and every source, subject to each party having fully disclosed these to the other party and each warranting and guaranteeing to the other that he or she has not concealed anything from the other party;

k. The property of the respective parties, including but not limited to, marital property distributed between the parties during the course of the marriage, and personal or real property exchanged or given as gifts to each other or sold to each other during the course of the marriage, and

Page 2

personal or real property received by the respective parties from third parties by gift, bequest, devise or otherwise;

    l. The present and future capacity for each party to become or to remain self-supporting;

    m. The standard of living established during the marriage;

    n. The tax consequences to each party;

    o. The wasteful dissipation of family assets by either spouse, if any;

    p. The nature and extent of existing health and life insurance and the contemplated need for same in the future.

NOW, THEREFORE, in consideration of the premises and of the covenants and promises contained herein, the parties hereto mutually agree as follows:

## ARTICLE I - SEPARATE RESIDENCE

It is, and shall be lawful for the parties hereto at all times to live separate and apart from each other and to reside from time to time at such place or places as each of such parties may deem fit, free from control, restraint or interference, direct or indirect by the other in all respects, as if such parties were sole and unmarried.

## ARTICLE II - NO MOLESTATION

Neither party shall in any way molest, disturb or trouble the other or interfere with the peace and comfort of the other, or compel or seek to compel the other to associate, cohabit or dwell with him or her by any action or proceeding for restoration of conjugal rights or by any means whatsoever.

## ARTICLE III - SEPARATE OWNERSHIP

Each party shall own, free of any claim or right of the other, subject to the provisions of this agreement, all of the terms of property, real, personal and mixed, of any kind, nature or description

and wheresoever situate, which are now owned by him or her or which are now in his or her name, or to which he or she is, or may be, beneficially entitled or which may hereafter belong to or come to him or her with full power to him or her to dispose of the same as fully and effectually in all respects and for all purposes as if he or she were unmarried.

## ARTICLE IV - RESPONSIBILITY FOR DEBTS

(a) The Wife covenants that she has not incurred or contracted, except as herein elsewhere set forth, and will not hereafter incur or contract any debt, charge or liability whatsoever for which the other party, his legal representatives or his property or estate is, are or may become liable, so long as the other party complies with all of the provisions of this agreement. The Wife further covenants to keep the Husband free, harmless and indemnified of and from any and all debts, charges or liabilities heretofore or hereafter contracted or incurred by her individually, for which the Husband is, or may become, liable.

(b) The Husband covenants that he has not incurred or contracted, except as herein elsewhere set forth, and will not hereafter incur or contract any debt, charge or liability whatsoever for which the other party, her legal representatives or her property or estate is, or may become liable, so long as the other party complies with all of the provisions of this agreement. The Husband further covenants to keep the Wife free, harmless and indemnified of and from any and all debts, charges or liabilities heretofore or hereafter contracted or incurred by him individually, for which the Wife is, or may become, liable.

## ARTICLE V - MUTUAL RELEASE AND DISCHARGE
## OF GENERAL CLAIMS

Subject to the provisions of this Agreement, each party has remised, released and forever discharged, and by these presents, does for himself or herself, and his or her heirs, legal representatives, executors, administrators and assigns, remise, release and forever discharge the other of and from all cause or causes of actions except for divorce or separation and any defenses either

may have to any divorce or separation action now pending or hereafter brought by the other.

## ARTICLE VI – MUTUAL RELEASE AND DISCHARGE OF CLAIMS IN ESTATES

Each party hereby releases, waives and relinquishes any and all rights which he or she may now have, or may hereafter acquire, as the other party's spouse under the present or future laws of any jurisdiction (a) to share in the estate of the other party upon the latter's death; and (b) to act as executor or administrator of the other's estate. This provision is intended to, and shall constitute a mutual waiver by the parties to take against each other's Wills, now or hereafter in force, under the present or future laws of any jurisdiction whatsoever. The consideration for each party's waiver and release is the other party's reciprocal waiver and release. The parties intend, by the aforedescribed waiver and release, to relinquish any and all rights in and to each other's estate, including the rights of set-off now provided in Para. 5-3.1 of the ESTATES, POWER AND TRUSTS LAW of the State of New York, any and all distributive shares presently provided in para. 4-1.1 of the ESTATES, POWER AND TRUSTS LAW and all rights of election presently provided for in Para. 5-1.1 of said law or any prior or subsequent similar provision of law of this or any other jurisdiction. This provision is not intended to and does not bar any cause of action against the estate of either party by reason of liabilities or facts arising or occurring during his or her lifetime after the execution of this Agreement.

## ARTICLE VII – IMPLEMENTATION

The Husband and Wife shall, at any time and all times, upon request by the other party or his or her legal representatives, make, execute and deliver any and all such other and further instruments as may be necessary or desirable for the purpose of giving full force and effect to the provisions of this agreement, without charge therefor.

## ARTICLE VIII – CHILD SUPPORT

(A) The Husband shall pay to the Wife, as and for the support, education and maintenance

of the unemancipated children of the marriage, to wit: Ari Abramovsky, born the 2nd day of August, 1983; and Dov Abramovsky, born the 2nd day of August, 1983, the sum of One Thousand Six Hundred Sixty Six ($1.666.00) dollars per month. in compliance with D.R.L. Section 240 (1-b), said payments to be made by the Husband directly to the Wife in two monthly installments of Eight Hundred Thirty Three ($833.00) Dollars on the first and fifteenth of each month.

(B) All payments of child support by the Husband to the Wife under this Agreement shall be made by check or money order and forwarded to the Wife at her residence or at such other address which the Wife shall designate by prior written notice to the Husband.

(C) The aforesaid child support shall cease upon the emancipation of the children as hereinafter described in Article IX of this Agreement.

(D) The parties hereby acknowledge that they have been fully advised of the provisions of the Domestic Relations Law Section 240(1-b) through (h) and that they are aware of the amount of child support that would be payable pursuant to the Child Support Standards Chart pursuant to the Child Support Standards Act, to wit: $1,666.00 per month on the first Eighty Thousand ($80,000.00) of the Husband's yearly income, which would presumptively result in the correct amount of child support to be awarded. The amount of the child support obligation provided for herein, to wit: $1,666.00 per month. does not deviate from the basic child support obligation. Each party acknowledges receipt of a copy of the Child Support Standards Chart. The Husband represents that his gross income for 2000 was approximately $190,000.00 and the Wife represents that her gross income for 2000 was approximately $62,000.00.

(E) The Husband shall make additional payments to the Wife or directly to the health care provider as and for child support for the unemancipated children of the marriage, in an amount equal to seventy (70%) percent of any and all unreimbursed medical, dental, pharmaceutical and eye care expenses. Said payments shall be made to the health care provider within ten (10) days after presentation to the Husband of the bill from the health care provider. In the event the Wife has paid the full uncovered amount due to the health care provider, the Husband shall reimburse the Wife

Case 2:08-cv-02814-LMR-AHP   Document 12-6   Filed 03/10/2008   Page 14 of 29

for his seventy (70%) percent share within ten (10) days of presentation by the Wife to the Husband of proof of payment of the amount of the uncovered medical, dental, pharmaceutical and eye care bills. As to any mental health care expenses for the unemancipated children of the marriage, the Husband shall pay seventy (70%) percent of any uncovered mental health care expenses provided that both parents consent in advance to the children undergoing treatment for mental health care related problems, which consent shall not be unreasonably withheld.

## ARTICLE IX - EMANCIPATION EVENT

The children shall be deemed, for the purposes of this Agreement, to have become emancipated as contemplated by Article VIII hereof, upon the earliest happening of any of the following events:

(a) Attaining the age of twenty-one (21) years or twenty-two and one half (22& ½ ) years if attending an accredited undergraduate or graduate school on a full time basis; or

(b) Marriage of the children, even though such marriage may be void or voidable, and despite any subsequent annulment thereof; or

(c) Permanent residence away from the residence of the Mother; or

(d) Death of the children; or

(e) Entry into the Armed Forces of the United States, to continue only so long as the children are members of the Armed Forces before attaining the age of 21 years so that in the event of dis-charge before attaining the age of 21 years, the child shall not be deemed to have been fully emancipated. The Husband's obligation of support shall abate during the time of active military service; or

(f) Engaging in full-time employment after attainment by the child of the age of eighteen (18) years, except that: (1) engaging by the child in partial, part-time or sporadic employment shall not constitute emancipation; and (2) engaging by the child in full-time employment during vacation and summer periods shall not be deemed emancipation. Emancipation stemming from employment shall

be deemed terminated and nullified upon the cessation by the child, for any reason, from full-time employment, and the period, if any, from such termination until the earliest of any of the other events herein set forth shall, for all purposes under this Agreement, be deemed a period prior to the occurrence of such emancipation. Full-time employment shall be defined as employment of more than thirty-five (35) hours per week at a salary whereby the child is deemed capable by a court of competent jurisdiction of being considered self supporting; or

(g) The death of either the Mother or the Father.

## ARTICLE X – CUSTODY AND VISITATION

(A) The Wife shall have sole custody of the unemancipated children, to wit:Ari Abramovsky and Dov Abramovsky during the children's minority, with said children residing with the Wife, she hereby being granted their supervision, control and care, agreeing to maintain and support them out of such allowances as the Husband is obliged to provide.

(B) The Husband shall have the following visitation with the children: Liberal visitation as the parties shall mutually agree upon, and in the absence of said further agreement, such visitation as the Family or Supreme Court may decree.

(C) Each of the parties hereto agrees to keep the other informed at all times of the whereabouts of the children when they are with the Mother or Father respectively, and they mutually agree that if either of them has any knowledge of any illness or accident or other circumstance seriously affecting the children's health or general welfare, the Father or Mother, as the case may be, will promptly notify the other of such circumstances. Either party shall also notify the other party if the children are away from the residence for more than three (3) days and shall provide the other party with the location and telephone number at which the children may be reached.

(D) The parties shall exert every reasonable effort to maintain free access and unhampered contact between the children and each of the parties and to foster a feeling of affection between the

Page 8

children and the other party.  Neither party shall do anything which may estrange the children from the other party or injure the children's opinion as to their Mother or Father or which may hamper the free and natural development of the children's love and respect for the other party.

(E) Both parties covenant, represent and warrant that they will not, at any time and for any reason, cause the children to be known or identified or designated by any surname other than "ABRAMOVSKY", and both parties covenant, represent and warrant that they will not initiate or permit the designations of "Father" and/or "Mother" or their equivalent, to be used by the children with reference to any person other than the parties hereto.

(F) The parties shall consult and agree with each other with respect to the children's education and religious training, summer camp selection, illnesses and operations, except in emergencies, health, welfare, and other matters of similar importance affecting the children, whose well-being, education and development shall at all times be the paramount consideration of the Father and Mother.

(G) The Wife agrees that in the event of acute illness of the children at any time, the Husband shall have the right of visitation with the children at the place where they are confined.

## ARTICLE XI - PROVISIONS FOR SUPPORT AND MAINTENANCE

(A) The Husband shall pay to the Wife, as and for her support and maintenance, a sum equal to the yearly amount of the real estate taxes payable by the Wife on the marital real property located at 36 Gilbert Lane, Plainview, New York 11803. Said payments shall be made to the Wife at least thirty (30) days prior to the due date of each real estate payment due for the marital real property. Said maintenance shall be paid by the Husband to the Wife until the earliest happening of the following events:

(1) Death of either the Husband or Wife; or

(2) The wife reaching the age of sixty two (62) years of age on the 13th day of April, 2010; or

Page 9

(3) The remarriage of the Wife, whether by ceremonial remarriage or by engaging in a relationship contemplated by section 248 of the Domestic Relations Law whether or not the Wife has held herself out as remarried, whether such remarriage is void or voidable, or thereafter shall be terminated by divorce, annulment or otherwise.

(4) The sale of the marital real property.

(B) All payments by the Husband to the Wife under this Agreement shall be made by check or money order and forwarded to the Wife at her residence or at such other place as the Wife shall designate by prior written notice to the Husband. The support provided for in this paragraph shall be designated as alimony.

(C) The Wife and Husband accept these provisions in full and final settlement and satisfaction, and hereby release and discharge each other absolutely and forever, for the rest of their lives, and from any and all claims and demands, past, present or future, for support and maintenance, except as contained in this Agreement.

## ARTICLE XII - MARITAL RESIDENCE

A. The parties presently own as tenants by the entirety the real property commonly known as and by the street address of 36 Gilbert Lane, Plainview, New York 11803, hereinafter referred to as the "marital premises".

B. As part of the equitable distribution of the marital property, immediately after the the court grant a divorce judgment the Husband shall transfer to the Wife his interest in the marital premises and will sign a deed and all other documents necessary to accomplish this transfer upon presentation of same to him. Both parties represent that the marital premises is free of all liens or claims other than the first mortgage held and/or serviced by GreenPoint Mortgage, hereinafter "GreenPoint", in the present outstanding balance of approximately $61,974.00 and the Husband has done nothing that would adversely affect title to the marital premises.

C. Until the actual transfer of title of the marital premises to the Wife pursuant paragraph B hereinabove, the Husband shall continue to pay and be responsible for the monthly mortgage payment for the marital premises. Upon the transfer to the Wife of title to the marital premises as provided for in paragraph B hereinabove, the Husband shall pay off the full balance of the

outstanding mortgage with GreenPoint so as to transfer to the Wife the then former marital premises *Relating Thereto,* free and clear of any and all mortgage liens. The Husband further covenants that at the time title to the marital premises is required to be transferred to the Wife, the Husband will have done nothing that would adversely affect title to said marital premises and if there are any adverse liens caused by the Husband to effect title to the marital premises, the Husband will immediately arrange to satisfy and remove such adverse liens affecting the title to the marital premises.

## ARTICLE XIII - PERSONAL PROPERTY AND EQUITABLE DISTRIBUTION

(a) The Wife shall be entitled to ownership of the household furnishings located in the marital premises.

(b) Each party shall be entitled to his/her own personal property.

(c) As to the Husband's Retirement Plan with the TIAA CREF PLAN (Plan), or any other retirement system or successor to said Plan in the event said Plan is merged with an other plan sponsored by another retirement system, by whatever name, the Wife-Alternate Payee shall be entitled to an assignment from said Plan of Twenty Five (25%) of the total value of said Plan as of March 31st, 2001, plus any interest and investment earnings or losses attributable thereto for periods subsequent to March 31st, 2001, until the date of total distribution. Each party shall bear his or her own tax consequences for his or her respective share of the Plan upon distribution of said share. The Husband hereby consents to the submission of a Qualified Domestic Relations Order (QDRO) by the Wife's attorney for the Wife's share of the Plan, said QDRO to be signed simultaneously with the Judgment of Divorce or as soon thereafter as possible. The QDRO for the Wife's share of the Plan shall conform as closely as possible to the sample order annexed hereto as Exhibit "A" hereinafter, except for any additions or deletions required by the Plan in order to qualify the Plan.

(d) The Husband shall waive any rights or interest he may have in the Wife's pension plan with the New York State and Local Retirement System Employee's Retirement System and the Wife's Deferred Compensation Plan.

(e) The parties hereby waive any entitlement to share in the value of the other party's law

Page 11

Case 2:08-cv-02874-LMA-HSP    Document 12-56    Filed 03/10/2008    Page 19 of 29

degree and enhanced earnings potential and the Wife waives any entitlement to share in the value of the Husband's business as a legal consultant.

(f) Any and all other assets presently in the parties' respective names, wherever situated and whatever kind or nature, including any and all retirement plans or other deferred compensation plans, shall be the sole and exclusive property of the person in whose name such property is presently held without any claim or right, title or interest therein on the part of the other and this Agreement is intended to dispose of all rights each party may have in their marital property under the Equitable Distribution Laws of the State of New York.

(g) If the administrator of any pension plan, 401K plan, deferred compensation plan, thrift savings plan and/or any other retirement plan requires something further than this Agreement to effectuate the parties' respective waivers or entitlements of any rights to or interests in the Plan or Pension Plan, then the Wife and Husband shall execute any and all such documents required.

## ARTICLE XIV - GRANTING OF A RELIGIOUS DIVORCE AND/OR GET

Each party herein agrees to comply with Domestic Relations Law Section 253 upon the granting of a divorce herein. The marriage between the Husband and the Wife was solemnized by a person designated in Section 11(1) of the Domestic Relations Law; and that upon the granting of a divorce judgment herein each party will take all steps within his or her power to remove any barrier to the other's remarriage and the Husband shall grant the Wife a "Get" under Jewish law.

## ARTICLE XV - MEDICAL AND HOSPITAL INSURANCE

The Husband agrees to continue coverage for the benefit of the unemancipated children on his present medical, hospital and dental coverage plans that he presently maintains for so long as they are eligible to remain covered by these plans.

## ARTICLE XVI - LIFE INSURANCE

The Husband presently has life insurance through his employment with Fordham University which he agrees to irrevocably maintain for the benefit of the Wife and the children for so long as the Husband is entitled to do so, in the following proportions: One Fifth (1/5) for the benefit of the Wife, and Four Fifths (4/5) for the benefit of the four (4) children of the marriage, to wit: Aviva Abramovsky, born the 1st day of March, 1976; Abba Abramovsky, born the 4th day of May, 1980; Ari Abramovsky, born the 2nd day of August, 1983; and Dov Abramovsky, born the 2nd day of August, 1983, with the Wife to be named as Trustee for any of the minor children for so long as they remain minors. The Husband's obligation to maintain this life insurance shall terminate upon the Husband's termination of employment with Fordham University and/or if the cost of said insurance to the Husband is substantially increased by Fordham University. Furthermore, unless terminated for one of the above reasons, the Husband's obligation to maintain the life insurance herein shall continue until the Wife reaches the age of sixty two (62) years of age, however, if the Husband's obligation to pay maintenance to the Wife shall cease, then the Husband's obligation to name the Wife on his life insurance policy shall cease and the Wife's one fifth (1/5) share shall be paid to the four (4) children of the marriage.

## ARTICLE XVII - COLLEGE

The Husband shall pay the cost for undergraduate college, including tuition, room, board, application fees and activity fees for the children, Abba Abramovsky, born the 4th day of May, 1980; Ari Abramovsky, born the 2nd day of August, 1983; and Dov Abramovsky, born the 2nd day of August, 1983 for their full-time attendance in good standing at an accredited college or university of their parent's mutual choice, less any state and federal student grants or scholarships which they may be entitled to receive. Nothing herein shall obligate either parent to pay for the graduate school education of any of the children of the marriage.

## ARTICLE XVIII - MODIFICATION AND WAIVER

Neither this Agreement, nor any provision hereof, shall be amended or modified or deemed amended or modified, except by any agreement in writing duly subscribed and acknowledged with the same formality as this agreement.  Any waiver by either party of any provisions of this Agreement or any right or option hereunder shall not be deemed a continuing waiver and shall not prevent or estop such party from thereafter enforcing such provision, right or option,  and the failure of either party to insist in any one or more instance upon the strict performance of any of the terms or provisions of this Agreement by the other party shall not be construed as a waiver or relinquishment for the future enforcement of any such term or provision, but the same shall continue in full force and effect.

## ARTICLE XIX- LEGAL INTERPRETATION

All matters affecting the interpretation of this Agreement and the rights of the parties hereto shall be governed by the laws of the State of New York.

## ARTICLE XX - POSSIBLE INVALIDITY

In case any provision of this Agreement should be held to be contrary to, or invalid, under the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way any other provisions hereof, all of which shall continue, nevertheless, in full force and effect in any country, state or jurisdiction in which such provision is legal and valid.

## ARTICLE XXI - RECONCILIATION AND MATRIMONIAL DECREES

(a) This Agreement shall not be invalidated or otherwise affected by a reconciliation between the parties hereto or a resumption of marital relations between them unless said reconciliation or said resumption be documented by a written statement executed and acknowledged by the parties with respect to said reconciliation and resumption and, in addition, setting forth that they are canceling this Agreement, and this Agreement shall not be invalidated or otherwise affected by any decree or

judgment of separation or divorce made by any court in any action which may presently exist or may hereafter be instituted by either party against the other for a separation or divorce and the obligations and covenants of this Agreement shall survive any decree or judgment of separation or divorce and shall not merge therein, and this Agreement may be enforced independently of such decree or judgment.

(b) Both parties agree, stipulate and consent that no judgment, order or decree in any action for divorce or separation, whether brought in the State of New York or in any other state or country having jurisdiction of the parties hereto, shall make any provisions for child support, alimony, maintenance, or affect the property rights of either party inconsistent with the provisions of this Agreement, but if any provision be made in any judgment, order or decree, which is inconsistent with the provisions of this agreement, or imposes a different or greater obligation on either of the parties hereto than provided in this Agreement, the provisions of this Agreement shall take precedence and shall be the primary obligation of both of the parties hereto. It is further agreed that upon the trial of any action which may hereafter be instituted by either of the parties against the other for an absolute divorce in any court of competent jurisdiction, the party instituting such action shall read the provisions of this agreement relating to the child support, alimony, maintenance and support into the record of such action as a Agreement between the parties as to the questions of alimony, maintenance and support. Such party shall further request that the decree shall contain a provision specifically reciting, in words or substance, "Said Agreement is not merged in, but survives this decree, and the parties thereof are hereby ordered to comply with it on its terms at all times and places".

## ARTICLE XXII - INDEPENDENT COVENANTS

Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any of the other rights and obligations set forth herein.

### ARTICLE XXIII - FULL DISCLOSURE

Both the legal and practical effect of this Agreement in each and every respect and financial status of the parties have been fully explained to both parties by their respective counsel, and they both acknowledge that it is a fair agreement, and it is not the result of any fraud, duress or undue influence exercised by either party upon the other or by any other person or persons upon either.

### ARTICLE XXIV - ENTIRE UNDERSTANDING

This agreement contains the entire understanding of the parties who hereby acknowledge that there have been and are no representations, warranties, covenants or undertakings other than those expressly set forth herein. The parties agree that a copy of this Agreement or a memorandum thereof, upon the signing hereof, shall be filed in the Office of the Nassau County Clerk.

### ARTICLE XXV - LEGAL REPRESENTATION

The parties represent to each other that the Wife has been represented by the law firm of Arthur E. Shulman, Esq., located at 222 Middle Country Road, Suite 200, Smithtown, New York 11787, and the Husband has been represented by the law firm of Newman and Cahn, L.L.P., located at 1 Old Country Road, Carle Place, New York 11514. Each of the parties agrees to be responsible for his or her own attorney's fees in connection with this Agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and year first above written, and they shall be binding upon their respective heirs, next-of-kin, executors and administrators.

_____              _____
WITNESS                                DEBORAH ABRAMOVSKY

_____              _____
WITNESS                                ABRAHAM ABRAMOVSKY

Page 16

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF SUFFOLK    )

    On the 2nd day of May, in the year 2001, before me, the undersigned, personally appeared
DEBORAH ABRAMOVSKY, personally known to me or proved to me on the basis of satisfactory
evidence to be the individual whose name is subscribed to the within instrument and acknowledged
to me that she executed the same in her capacity, and that by her signature on the instrument, the
individual , or the person upon behalf of which the individual acted, executed the instrument.

                                 NOTARY PUBLIC

ARTHUR E. SHULMAN
Notary Public, State of New York
No 52-4518182
Qualified in Suffolk County
Term Expires June ..., 2002

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF New York   )

    On the 1st day of May, in the year 2001, before me, the undersigned, personally appeared
ABRAHAM ABRAMOVSKY, personally known to me or proved to me on the basis of satisfactory
evidence to be the individual whose name is subscribed to the within instrument and acknowledged
to me that he executed the same in his capacity, and that by his signature on the instrument, the
individual, or the person upon whose behalf of which the individual acted, executed this instrument.

                                  NOTARY PUBLIC

CAROLYN SINGLETON
Notary Public, State of New York
No 01SI5083410
Qualified in New York County
Commission Expires August 11, 2001

Page 17

2. Participant Information: The name, last known address, social security number and date of birth of the plan "Participant" are:

Name: _____

Address: _____

Social Security Number: _____

Birth Date: _____

3. Alternate Payee Information: The name, last known address, social security number and date of birth of the "Alternate Payee" are:

Name: _____

Address: _____

Social Security Number. _____

Birth Date: _____

The Alternate Payee shall have the duty to notify the Plan Administrator in writing of any changes in his/her mailing address subsequent to the entry of this Order.

4. Plan Name: The name of the Plan to which this Order applies is the _____ (hereinafter referred to as "Plan"). Further, any successor plan to the Plan or any other plan(s) to which liability for provision of the Participant's benefits described below is incurred, shall also

EXHIBIT "A"

be subject to the terms of this Order. Also, any benefits accrued by the Participant under a predecessor plan of the employer or any other defined contribution plan sponsored by the Participant's employer, whereby liability for benefits accrued under such predecessor plan or other defined contribution plan has been transferred to the Plan, shall also be subject to the terms of this Order.

Any changes in Plan Administrator, Plan Sponsor or name of the Plan shall not affect Alternate Payee's rights as stipulated under this Order.

5. Pursuant to State Domestic Relations Law: This Order is entered pursuant to the authority granted in the applicable domestic relations laws of the State of _NEW YORK_ .

6. For Provision of Marital Property Rights: This Order relates to the provision of marital property rights and/or spousal support to the Alternate Payee as a result of the Order of Divorce between Participant and Alternate Payee.

7. Amount of Alternate Payee's Benefit: This Order assigns to Alternate Payee an amount equal to        Percent (    %) of the Participant's Total Account Balance accumulated under the Plan as of [                    ] (or the closest valuation date thereto), plus any interest and investment earnings or losses attributable thereon for periods subsequent to [
   .          ], until the date of total distribution. Further, such Total Account Balance shall include all amounts maintained under all of the various accounts and/or subaccounts established on behalf of the Participant. The Alternate Payee's share of the benefits shall be allocated on a pro-rata basis among all of the accounts and/or investment funds maintained on behalf of the Participant under the Plan.

Such Total Account Balance shall also be determined without regard to any account reduction caused by Participant's prior loan(s), if any, from the Plan. Further, such Account Balance shall include all amounts (including plan forfeitures, if applicable) contributed to the Plan on behalf of the Participant after [              ], that are attributable to periods prior to such date.

In the event the Alternate Payee does not elect an immediate distribution, her share of the benefits described above shall be segregated and separately maintained in account(s) established on her behalf and shall additionally be credited with any interest and investment income or

losses attributable thereon from [date of divorce], until the date of total distribution to the Alternate Payee.

8. **Commencement Date and Form of Payment to Alternate Payee:** If the Alternate Payee so elects, she shall be paid her benefits as soon as administratively feasible following the date this Order is approved as a QDRO by the Plan Administrator, or at the earliest date permitted under Plan or Section 414(p) of the Internal Revenue Code, if later. Benefits will be payable to the Alternate Payee in any form or permissible option otherwise available to participants and alternate payees under the terms of the Plan, including, but not limited to, a single lump-sum cash payment.

9. **Alternate Payee's Rights and Privileges:** On and after the date that this Order is deemed to be a Qualified Domestic Relations Order, but before the Alternate Payee receives her total distribution under the Plan, the Alternate Payee shall be entitled to all of the rights and election privileges that are afforded to Plan beneficiaries, including, but not limited to, the rules regarding the right to designate a beneficiary for death benefit purposes and the right to direct Plan investments, only to the extent permitted under the provisions of the Plan.

10. **Death of Alternate Payee:** In the event of Alternate Payee's death prior to Alternate Payee receiving the full amount of benefits called for under this Order and under the benefit option chosen by Alternate Payee, such Alternate Payee's beneficiary(ies), as designated on the appropriate form provided by the Plan Administrator (or in the absence of a beneficiary designation, her estate), shall receive the remainder of any unpaid benefits under the terms of this Order.

11. **Death of Participant:** In the event that the Participant dies prior to the establishment of separate account(s) in the name of the Alternate Payee, such Alternate Payee shall be treated as the surviving spouse of the Participant for any death benefits payable under the Plan to the extent of the full amount of her benefits as called for under Paragraph 7 of this Order. Should the Participant predecease the Alternate Payee after the new account(s) have been established on her behalf, such Participant's death shall not affect the Alternate Payee's rights to receive her assigned portion of the benefits as set forth herein.

12. **Savings Clause:** This Order is not intended, and shall not be construed in such a manner as to require the Plan·

(a) to provide any type or form of benefit option not otherwise pro-
vided under the terms of the Plan;

(b) to require the Plan to provide increased benefits determined on
the basis of actuarial value; or

(c) to require the payment of any benefits to the Alternate Payee
which are required to be paid to another alternate payee under
another order which was previously deemed to be a QDRO.

13. Certification of Necessary Information: All payments made pur-
suant to this Order shall be conditioned on the certification by the
Alternate Payee and the Participant to the Plan Administrator of such
information as the Plan Administrator may reasonably require from such
parties to make the necessary calculation of the benefit amounts con-
tained herein.

14. Continued Qualified Status of Order: It is the intention of the par-
ties that this QDRO continue to qualify as a QDRO under Section
414(p) of the Internal Revenue Code, as it may be amended from time
to time, and that the Plan Administrator shall reserve the right to recon-
firm the qualified status of the Order at the time benefits become
payable hereunder.

15. Tax Treatment of Distributions Made Under This Order: For pur-
poses of Sections 402(a)(1) and 72 of the Internal Revenue Code, any
Alternate Payee who is the spouse or former spouse of the Participant
shall be treated as the distributee of any distribution or payments made
to the Alternate Payee under the terms of this Order, and as such, will
be required to pay the appropriate federal income taxes on such distrib-
ution.

16. Constructive Receipt: In the event that the Plan Trustee inadver-
tently pays to the Participant any benefits which are assigned to the
Alternate Payee pursuant to the terms of this Order, the Participant shall
immediately reimburse the Alternate Payee to the extent that he has
received such benefit payments, and shall forthwith pay such amounts
so received directly to the Alternate Payee within ten (10) days of
receipt.

17. Continued Jurisdiction: The Court shall retain jurisdiction with
respect to this Order to the extent required to maintain its qualified sta-
tus and the original intent of the parties as stipulated herein. The Court

shall also retain jurisdiction to enter such further orders as are necessary to enforce the assignment of benefits to Alternate Payee as set forth herein, including the recharacterization thereof as a division of benefits under another plan, as applicable, or to make an award of alimony, if applicable, in the event that Participant fails to comply with the provisions contained above requiring said payments to Alternate Payee.

18. Plan Termination: In the event of a Plan termination, the Alternate Payee shall be entitled to receive her portion of Participant's benefits as stipulated herein in accordance with the Plan's termination provisions for participants and beneficiaries.

19. Actions by Participant: The Participant shall not take any actions, affirmative or otherwise, that can circumvent the terms and provisions of this Qualified Domestic Relations Order, or that could diminish or extinguish the rights and entitlements of the Alternate Payee as set forth herein. Should the Participant take any action or inaction to the detriment of the Alternate Payee, he shall be required to make sufficient payments directly to the Alternate Payee to the extent necessary to neutralize the effects of his actions or inactions and to the extent of her full entitlements hereunder.

20. Notice of Pending Retirement: In the event the Plan Administrator requires the Alternate Payee to wait until the Participant's actual date of termination of employment or retirement before becoming eligible to receive her distribution, then the Participant shall be required to notify the Alternate Payee, in writing, within ten (10) days following his termination of employment or retirement. The notice shall be sent via regular, first class mail. For this purpose, the Alternate Payee shall notify the Participant of any changes in Alternate Payee's mailing address.

# EXHIBIT "E"

610379.1

02/21/2006 14:29 FAX 718 817 4929    FORDHAM UNIVERSITY    ☒002

## Beneficiary Designation – Fordham University    Control # 44442

**Employee General Information**

| Last Name | First Name | Middle Initial | Social Security No. |
|---|---|---|---|
| Abramovsky | Abraham | | 112 - 38 - 7456 |

**Beneficiary Designation**

If more than one beneficiary is desired, please write their name(s) and relationship(s) on the lines below. If more than one primary beneficiary is designated, settlement will be made in equal shares to the designated beneficiaries (or beneficiary) who are then still living, unless their shares are specified. If no named beneficiary, or no beneficiary survives the insured, settlement will be made in accordance with the terms of your Group Contract.

**Basic Term Life and AD&D – Primary Beneficiary Designation**

(1) Last Name: Calderon  First Name: Osy  Middle Initial:  Social Security No.: 111 21 6762  Relationship: Friend  Percentage: 20%

Address: 2603 Netherland Ave #1404 Riverdale N.Y. 10463

(2) Last Name: Avira  First Name: Abramovsky  Middle Initial:  Social Security No.: 547703504  Relationship: Daughter  Percentage: 20%

Address: 411 Crawford Ave Syracuse N.Y 13224

(1) Last Name: Abramovsky  First Name: Abby  Middle Initial: 2  Social Security No.: 557742666  Relationship: Son  Percentage: 20%

Address: 154 W. 20 st #12H N.Y. N.Y. 10023

(2) Last Name: Abramovsky  First Name: Dov  Middle Initial:  Social Security No.: 557747618  Relationship: Son  Percentage: 20%

Address: 301 e 41 st N.Y. N.Y.

Employee Signature _Abraham Abe_  Date (Month, Day, Year): 3/4/06

*If you have any questions, please see Human Resources for details.*

The Prudential Insurance Company of America, 751 Broad Street, Newark, NJ 07102. Life Claims: 1-800-524-0542. Prudential Financial and the Rock logo are registered service marks of The Prudential Insurance Company of America and its affiliates.

## Prudential 🪨 Financial

GL 2005.269    Ed.8/2005    ECE-Id.12.2005.0487    EXP.6.2007

# Abramovsky  Avi  SS# 557704854 son  20%

411 Crawford Ave Syracuse N.Y 13224

CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

## DEFENDANTS

DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Onondaga County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jane Andrews, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
33 Washington Street
Newark, New Jersey 07102
Attorneys for Plaintiff Prudential Insurance Company of America

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

X 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item II)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 X | ☐ 1 | Incorporated or Principal Place of Business in This State | X 4 | 4 |
| Citizen of Another State | 2 | 2 X | Incorporated and Principal Place of Business in Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Federal Interpleader action pursuant to Fed. R. Civ. P. 22, regarding death benefit proceeds of a Group Life Insurance Policy

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>X 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

x 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   X NO

## VII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE_____    DOCKET NUMBER_____

Date _____

SIGNATURE OF ATTORNEY ON RECORD

UNITED STATES DISTRICT COURT

682200.2

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**JANE ANDREWS, ESQ. (JA 7012)**
**JULIE E. VON BEVERN, ESQ. (JV 6903)**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800 Fax: (973) 624-0808**
**Attorneys for Plaintiff The Prudential Insurance Company of America**
**File No.: 09718.00180**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | x |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | **STATEMENT PURSUANT TO RULE 7.1** |
| Defendants. | x |

---

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel for Defendant, The Prudential Insurance Company of America, a private non-governmental party, certifies that the following consist of any parent corporation and/or any publicly held corporation that owns 10% or more of its stock:

As of December 18, 2001, Prudential Insurance Company of America became an indirect, wholly owned subsidiary of Prudential Financial, Inc., a publicly traded corporation. Prior to December 18, 2001, The Prudential Insurance Company of America was organized as a mutual insurance company and had no parent corporations.

682196.1

The Prudential Insurance Company of America is a direct subsidiary of Prudential

Holdings, LLC.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Plaintiff, The Prudential Insurance Company of America

By: _____
Jane Andrews (JA 7012)

Dated: _____ , 2008

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____**DISTRICT OF NEW JERSEY**_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                  Plaintiff,

    v.

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

                  Defendants.

**SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:** 08-172
(HAA)

TO:     **Deborah Abramovsky**
           **318 Scott Avenue**
           **Syracuse, NY 13224**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY           WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                 33 Washington Street
                                 Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within _twenty (20)_ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**WILLIAM T. WALSH**
_____
WILLIAM T. WALSH, CLERK

**DIANNE C. RICHARDS**
_____
BY DEPUTY CLERK

_____1-11-08_____
DATE

AD 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

Served personally upon the defendant.  Place where serviced:_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____     _____
                                                                 *Signature of Server*


                                                                 _____
                                                                 *Address of Server*

1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____DISTRICT OF NEW JERSEY_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

**SUMMONS IN A CIVIL ACTION**

Plaintiff,

v.

**CASE NUMBER:** 08-172 (HAA)

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

Defendants.

_____

**TO:**   **Dov Abramovsky**
**318 Scott Avenue**
**Syracuse, NY 13224**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                        33 Washington Street
                                        Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within underline twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

## WILLIAM T. WALSH

_____          _____ 1-11-08 _____
WILLIAM T. WALSH, CLERK                   DATE

## DIANNE C. RICHARDS
BY DEPUTY CLERK

684080.1

AD 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

Served personally upon the defendant.  Place where serviced: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____    _____
*Signature of Server*


_____
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____DISTRICT OF NEW JERSEY_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

**SUMMONS IN A CIVIL ACTION**

                    Plaintiff,

    v.                                        **CASE NUMBER:**  *08-172*
                                                                *(CHAA)*

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

                    Defendants.

_____

**TO:**    **Ari Abramovsky**
        **318 Scott Avenue**
        **Syracuse, NY 13224**

  YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                            33 Washington Street
                            Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within  twenty (20)  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH
_____
WILLIAM T. WALSH, CLERK

DATE   *1-11-08*
_____

DIANNE C. RICHARDS
_____
BY DEPUTY CLERK

684082.1

AD 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

           Served personally upon the defendant. Place where serviced:_____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
       Name of person with whom the summons and complaint were left: _____

☐    Returned unexecuted: _____
_____
_____

☐    Other (specify): _____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____    _____
                                    *Signature of Server*

                                    _____
                                    *Address of Server*

---

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____DISTRICT OF NEW JERSEY_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                    Plaintiff,

    v.

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

                    Defendants.

**SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:** _08-172_
_(HAA)_

---

**TO:**    Orly Calderon
          2600 Netherland Avenue
          Riverdale, NY 10463

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY               WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                     33 Washington Street
                                     Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within _twenty (20)_ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

## WILLIAM T. WALSH

_1-11-08_

WILLIAM T. WALSH, CLERK                           DATE

## DIANNE C. RICHARDS

BY DEPUTY CLERK

AD 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where serviced: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with **a person of suitable age and discretion** then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____          _____
                                            *Signature of Server*


                                            _____
                                            *Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

684146.1

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

### _____DISTRICT OF NEW JERSEY_____

**SUMMONS IN A CIVIL ACTION**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

               Plaintiff,

v.

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

               Defendants.

**CASE NUMBER:** *08-172 (CHAA)*

**TO:** **Aviva Abramovsky**
        **411 Crawford Avenue**
        **Syracuse, NY 13224**

    **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY**
               WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
               33 Washington Street
               Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**WILLIAM T. WALSH**
_____
WILLIAM T. WALSH, CLERK

*1-71-08*
_____
DATE

**DIANNE C. RICHARDS** *dcr*
_____
BY DEPUTY CLERK

684090.1

AD 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

      Served personally upon the defendant. Place where serviced:_____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other (specify): _____
_____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____     _____
                                      *Signature of Server*

                                      _____
                                      *Address of Server*

_____
1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

684146.1

AD 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____**DISTRICT OF NEW JERSEY**_____

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                              Plaintiff,

          v.

DEBORAH ABRAMOVSKY, ORLY
CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and
ARI ABRAMOVSKY,

                              Defendants.

**SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:**   *D 8-172
(CHAA)*

TO:    **Abba Abramovsky**
       **423 East 77th Street**
       **New York, NY 10021**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                              33 Washington Street
                              Newark, New Jersey 07102

an answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of
service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

### WILLIAM T. WALSH

_____
WILLIAM T. WALSH, CLERK

### DIANNE C. RICHARDS

_____
BY DEPUTY CLERK

_____*1-11-08*_____
DATE

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where serviced:_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on _____     _____
*Signature of Server*

_____
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

684146.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**JANE ANDREWS (JA 7012)**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800 Fax: (973) 624-0808**
**Attorneys for Plaintiff**
**The Prudential Insurance Company of America**
**File No.: 09718.00180**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | x<br>:<br>:    Civil Action No.: 08-cv-00172 (HAA)<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>:    **NOTICE OF APPEARANCE** |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | :<br>:<br>:<br>: |
| Defendants. | :<br>:<br>:<br>:<br>x |

---

**PLEASE TAKE NOTICE THAT** Wilson, Elser, Moskowitz, Edelman & Dicker LLP,

attorneys for The Prudential Insurance Company of America hereby adds the undersigned as

counsel of record in this matter.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Plaintiff The Prudential Insurance Company of America

_____
Julie E. Von Bevern, Esq.

Dated: January 16, 2008

686462.1

AO 440 (Rev. 10/93) Summons in a Civil Action

### RETURN OF SERVICE

SERVICE OF: **SUMMONS, COMPLAINT, CIVIL COVER SHEET, 7.1 STATEMENT**
EFFECTED (1) BY ME: **OUT OF STATE**
TITLE: **PROCESS SERVER**           DATE: *1/25/08 @ 1:32P*

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

ARI ABRAMOVSKY

Place where served: *318 Scott Ave Syracuse NY 13224*

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

Relationship to defendant: _____

Description of person accepting service:

SEX: *M* AGE: *36-50* HEIGHT: *5'10"* WEIGHT: *over 200* SKIN: *white* HAIR: *brown* OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

### STATEMENT OF SERVER

TRAVEL $ _____.___        SERVICES $ _____.___        TOTAL $ _____.___

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: *01 / 26 / 20 08*        _____ L.S.
SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY: JANE ANDREWS
PLAINTIFF: THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
DEFENDANT: DEBORAH ABRAMOVSKY, ET ALS
VENUE: DISTRICT OF NEW JERSEY
DOCKET: 08 CV 00172 (HAA)

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Z C

AO 440 (Rev. 10/93) Summons in a Civil Action        **RETURN OF SERVICE**

SERVICE OF:        **SUMMONS, COMPLAINT, CIVIL COVER SHEET, 7.1 STATEMENT**
EFFECTED (1) BY ME:        **OUT OF STATE**
TITLE:        **PROCESS SERVER**                        DATE:

*1/25/08 @ 1:32PM*

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

DEBORAH ABRAMOVSKY

Place where served:

*318 Scott Ave Syracuse NY 13224*

[X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

*Don Abramovsky (Son)*

Relationship to defendant: *Son*

Description of person accepting service:

SEX: *M* AGE *36-50* HEIGHT: *5'10* WEIGHT: *over 200* SKIN: *white* HAIR: *Brown* OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___        SERVICES $ _____.___        TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: *1* / *25* / 20 *08*                        _____ L.S.
                        SIGNATURE OF OUT OF STATE
                        GUARANTEED SUBPOENA SERVICE, INC.
                        2009 MORRIS AVENUE
                        UNION, NJ 07083

ATTORNEY:        JANE ANDREWS
PLAINTIFF:        THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
DEFENDANT:        DEBORAH ABRAMOVSKY, ET ALS
VENUE:        DISTRICT OF NEW JERSEY
DOCKET:        08 CV 00172 (HAA)

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*ZC*

20080118163908

AO 440 (Rev. 10/93) Summons in a Civil Action     **RETURN OF SERVICE**

SERVICE OF:     **SUMMONS, COMPLAINT, CIVIL COVER SHEET, 7.1 STATEMENT**
EFFECTED (1) BY ME:     **OUT OF STATE**
TITLE:     **PROCESS SERVER**     DATE: 1/25/08 1:32 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

**DOV ABRAMOVSKY**     _____

Place where served: 318 Scott Ave Syracuse NY 13224

[X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:
— Dov Abramovsky

Relationship to defendant: Son

Description of person accepting service:

SEX: M AGE: WHITE HEIGHT: Brown WEIGHT: 36-50 SKIN: WHITE HAIR: Brown OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___          SERVICES $ _____.___          TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 9 , 25 / 20 08     _____ L.S.
                          SIGNATURE OF OUT OF STATE
                          GUARANTEED SUBPOENA SERVICE, INC.
                          2009 MORRIS AVENUE
                          UNION, NJ 07083

ATTORNEY:     JANE ANDREWS
PLAINTIFF:     THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
DEFENDANT:     DEBORAH ABRAMOVSKY, ET ALS
VENUE:     DISTRICT OF NEW JERSEY
DOCKET:     08 CV 00172 (HAA)

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ZC

# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) ) | |
| Defendant(s) | ) ) ) ) | |

**ANSWER and COUNTERCLAIMS**

Date: 2/10/2008

Signature of unrepresented party

DEBORAH ABRAMOVSKY
318 Scott Avenue, Syracuse, NY 13224
dabramovsky@yahoo.com
(315) 378-4175

# UNITED STATES DISTRICT COURT

for the

### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No.08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) | |

Defendant(s)

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) and COUNTERCLAIMS

### Responding to Allegations in the Complaint

### ANSWER

I, Deborah Abramovsky, a named defendant in the above action, residing at 318 Scott Avenue, Syracuse, New York 13224 answers as follows, pro se:

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. I admit.

7.Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

8. I admit .

9. I admit.

10. I admit.

11. I admit.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

13. Upon information and belief, I deny that this is the proper venue and request a change of venue to the Northern District of New York.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

15. Upon information and belief , I admit.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

17. Upon information and belief , I admit.

18. I admit.

19. I admit.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

21. I admit.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

23. I admit.

24. I admit.

25. I admit.

26. I admit.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

29. Upon information and belief, I deny that Prudential had no other means than to pursue this action.

    I join with defendants' Abba Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky in Counterclaims A thru D.

## COUNTER CLAIMS

## A. THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS : DEBORAH ABRAMOVSKY, AVIVA ABRAMOVSKY, ARI ABRAMOVSKY AND DOV ABRAMOVSKY

1. The defendants, Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky all reside in the city of Syracuse, New York and have no contact with the state of New Jersey.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from Newark, New Jersey, the Court's venue.

3. The deceased lived and died in the state of New York.

4. All Prudential papers ,contracts and the Beneficiary Designation Form were signed and executed by the deceased in the state of New York.

5. The marriage and the divorce took place in the state of New York.

6. The New Jersey Long Arm Statute does not apply to the defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky.

## B. REQUEST FOR CHANGE OF VENUE TO THE   NORTHERN DISTRICT OF NEW YORK

1. The defendants, Deborah Abramovsky, Dov Abramovsky, Ari Abramovsky and Aviva Aviva Abramovsky all reside in the city of Syracuse, New York.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from this Court's venue.

3. Prudential is a corporation doing business in the state of New York and as such should be prepared to litigate in New York.

4. The deceased, Abraham Abramovsky, resided in New York City, New York

5. The contract was signed and executed in New York.

6. It would create an undue hardship for four of the defendants to continue the venue in New Jersey.

7. There would be no hardship created for the other defendants or Prudential to change the venue to New York State.

## C. **BENEFICIARY DESIGNATION FORM IS VOID/VOIDABLE**

1. The Judgment of Divorce is a Court Order executed August 12, 2002.

2. The Court Order incorporated the terms of the Separation Agreement(see Plaintiff's exhibit D)

3. The terms of the Court Order were that (deceased) "shall irrevocably maintain his life insurance.....for the benefit of the wife and the children"(see Plaintiff's exhibit D)

4. The Court Order predates the execution of the Beneficiary Designation Form

5. The Beneficiary Designation Form is void as a matter of law.

6. It would be against public policy to allow the Beneficiary Designation Form to subvert the clear meaning of the divorce decree and separation agreement.

## D. **THIS ACTION BY PRUDENTIAL IS PREMATURE**

1. The action brought by Prudential is premature as none of the defendants had started any action against them. It was quiet possible that the claims could have been resolved without resorting to the Courts.

2. There is only Prudential's self serving statement that any of the defendants would have objected to whatever decision they might have made.

3. Prudential had the means to protect itself without involving the Court at this time.

4. Prudential should not be awarded attorney's fees and costs.

5. Deborah Abramovsky and her children should not be punished because she exercised her right under the law to put in a claim for her share of the funds.

       **WHEREFORE**, Deborah Abramovsky requests the Court to enter judgement:

A. Dismissing the action against defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky with leave for Prudential to refile in the state of New York, or, in the alternative

B. Directing a change in venue to the Northern District of New York, a location that is more convenient for the majority of the defendants; or, in the alternative

C.. Find the Beneficiary Designation Form void, and

D. Directing Prudential to distribute the funds according to the **COURT ODER**
    as outlined in the Judgement of Divorce and the Separation Agreement, dated August 12, 2002;or

E. Directing Prudential to distribute the funds according to the rules of intestacy; and

F. Deny awarding Prudential any attorney's fees and costs necessitated by this action; and

G.. For such other and further relief as this Court deems just and proper.

Dated:   2-10·08          Signed: _Deborah Abramovsky_

Deborah Abramovsky
318 Scott Avenue
Syracuse, New York 13224
Dabramovsky@yahoo.com
(315) 378-4175

RECEIVED - CLERK
U.S. DISTRICT COURT

2008 FEB 13  P 12: 34

# UNITED STATES DISTRICT COURT

for the

### DISTRICT OF NEW JERSEY

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff

v.

DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY,

Defendant(s)

)
)
)
**Acknowledgment of Service**
)
)
)
)
)
)

Civil Action No.08-172 (HAA)

I, Deborah Abramovsky , declare under penalty of perjury under the laws of the
United States of America, that I did serve on Orly Calderon, residing at 2600 Netherland
Avenue. Apt. 1825, Riverdale, New York 10463 an Answer with Defenses and Counterclaims by
Federal Express overnight mail on    2 - 10 · 08  .

So Sworn by:   Name of Server (Print) Deborah Abramovsky

Signature of Server Deborah Abramovsky

Address of Server  318 Scott Ave
Syracuse NY 13224

Dated:  2/10/08

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF NEW JERSEY

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

       Plaintiff

     v.

DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY,

       Defendant(s)

             )
             )
             )
     **Acknowledgment of Service**
             )
             )
             )
             )
             )
             )
   Civil Action No.08-172 (HAA)

I, _Deborah Abramovsky_ , declare under penalty of perjury under the laws of the
United States of America, that I did serve on Prudential Insurance Company of America, via its
attorneys WILSON, ELSER, MOSKOWITZ EDELMAN &DICKER LLP of 33 Washington
Street, Newark, New Jersey 07102 an Answer with Defenses and Counterclaims by Federal
Express overnight mail on _2-10-08_.

So Sworn by:  Name of Server (Print)  _Deborah Abramovsky_

Signature of Server  _Deborah Abramovsky_

Address of Server  _318 Scott Ave_
                  _Syracuse NY 13224_

Dated:  _2/10/08_

# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) ) ) | |
| Defendant(s) | ) ) ) ) | Pro Se |

## ANSWER and COUNTERCLAIMS

Date: 2/10/2008

Signature of unrepresented party

AVIVA ABRAMOVSKY
411 Crawford Avenue, Syracuse, NY 13224
dabramovsky@yahoo.com
(315) 256- 4642

# UNITED STATES DISTRICT COURT

for the

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil Action No.08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) ) |
| Defendant(s) | |

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) and COUNTERCLAIMS

### Responding to Allegations in the Complaint

### ANSWER

I, Aviva Abramovsky, a named defendant in the above action, residing at 411 Crawford Ave, Syracuse, New York 13224 answers as follows, pro se:

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. I admit.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

8. I admit .

1

9. I admit.

10. I admit.

11. I admit.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

13. Upon information and belief, I deny that this is the proper venue and request a change of venue to the Northern District of New York.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

15. Upon information and belief, I admit.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

17. Upon information and belief, I admit.

18. I admit.

19. I admit.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

21. I admit.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

23. I admit.

24. I admit.

25. I admit.

26. I admit.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

29. Upon information and belief, I deny that Prudential had no other means than to pursue this action.

      I join with defendants' Abba Abramovsky, Deborah Abramovsky, Ari Abramovsky and Dov Abramovsky in Counterclaims A thru D.

## <u>COUNTER CLAIMS</u>

## A. <u>THE COURT HAS NO PERSONAL JURISDICTION OVER    DEFENDANTS : DEBORAH ABRAMOVSKY, AVIVA ABRAMOVSKY, ARI ABRAMOVSKY AND DOV ABRAMOVSKY</u>

1. The defendants, Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky all reside in the city of Syracuse, New York and have no contact with the state of New Jersey.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from Newark, New Jersey, the Court's venue.

3. The deceased lived and died in the state of New York.

4. All Prudential papers ,contracts and the Beneficiary Designation Form were signed and executed by the deceased in the state of New York.

5. The marriage and the divorce took place in the state of New York.

3

6. The New Jersey Long Arm Statute does not apply to the defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky.

## B. REQUEST FOR CHANGE OF VENUE TO THE    NORTHERN DISTRICT OF NEW YORK

1. The defendants, Deborah Abramovsky, Dov Abramovsky, Ari Abramovsky and Aviva Aviva Abramovsky all reside in the city of Syracuse, New York.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from this Court's venue.

3. Prudential is a corporation doing business in the state of New York and as such should be prepared to litigate in New York.

4. The deceased, Abraham Abramovsky, resided in New York City, New York

5. The contract was signed and executed in New York.

6. It would create an undue hardship for four of the defendants to continue the venue in New Jersey.

7. There would be no hardship created for the other defendants or Prudential to change the venue to New York State.

4

## C. <u>BENEFICIARY DESIGNATION FORM IS VOID/VOIDABLE</u>

1. The Judgment of Divorce is a Court Order executed August 12, 2002.

2. The Court Order incorporated the terms of the Separation Agreement(see Plaintiff's exhibit D)

3. The terms of the Court Order were that (deceased) "shall irrevocably maintain his life insurance.....for the benefit of the wife and the children"(see Plaintiff's exhibit D)

4.The Court Order predates the execution of the Beneficiary Designation Form

5.The Beneficiary Designation Form is void as a matter of law.

6. It would be against public policy to allow the Beneficiary Designation Form to subvert the clear meaning of the divorce decree and separation agreement.

## D. <u>THIS ACTION BY PRUDENTIAL IS PREMATURE</u>

1. The action brought by Prudential is premature as none of the defendants had started any action against them. It was quiet possible that the claims could have been resolved without resorting to the Courts.

2. There is only Prudential's self serving statement that any of the defendants would have objected to whatever decision they might have made.

3. Prudential had the means to protect itself without involving the Court at this time.

4. Prudential should not be awarded attorney's fees and costs.

5

5. Deborah Abramovsky and her children should not be punished because she exercised her right under the law to put in a claim for her share of the funds.


**WHEREFORE**, Aviva  Abramovsky requests the Court to enter judgement:

A. Dismissing the action against defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky with leave for Prudential to refile in the state of New York, or, in the alternative

B. Directing a change in venue to the Northern District of New York, a location  that is more convenient for the majority of the defendants; or, in the alternative

C.. Find the Beneficiary Designation Form void, and

D. Directing  Prudential to distribute the funds according to the **COURT ODER**
     as outlined in the Judgement of Divorce and the Separation Agreement, dated August  12, 2002;or

E. Directing Prudential to distribute the funds according to the rules of intestacy; and


F. Deny awarding  Prudential any attorney's fees and costs necessitated by this action; and

G.. For such other and further relief as this Court deems just and proper.


Dated: 2|10|08     Signed: _____

Aviva Abramovsky
411 Crawford Avenue
Syracuse, NY 13224
Dabramovsky@yahoo.com
(315) 256-4642

7

# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) ) | |
| Defendant(s) | ) ) ) ) | |

## ANSWER and COUNTERCLAIMS

Date: 2/10/2008

2/10/2008

Signature of unrepresented party

DOV ABRAMOVSKY
318 Scott Avenue, Syracuse, NY 13224
dabramovsky@yahoo.com
(315) 378-4175

# UNITED STATES DISTRICT COURT

for the

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil Action No.08-172 (HAA) ) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) |

Defendant(s)

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) andCOUNTECLAIMS

### Responding to Allegations in the Complaint

## <u>ANSWER</u>

I, Dov Abramovsky, a named defendant in the above action, residing at 318 Scott Avenue, Syracuse, New York 13224 answers as follows, pro se:

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. I admit.

7.Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

1

8. I admit .

9. I admit.

10. I admit.

11. I admit.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

13. Upon information and belief, I deny that this is the proper venue and request a change of venue to the Northern District of New York.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

15. Upon information and belief , I admit.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

17. Upon information and belief , I admit.

18. I admit.

19. I admit.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

21. I admit.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

23. I admit.

24. I admit.

25. I admit.

26. I admit.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

29. Upon information and belief, I deny that Prudential had no other means than to pursue this action.

I join with defendants' Abba Abramovsky, Aviva Abramovsky, Deborah Abramovsky and Ari Abramovsky in Counterclaims A thru D.

## COUNTER CLAIMS

## A. THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS ; DEBORAH ABRAMOVSKY, AVIVA ABRAMOVSKY, ARI ABRAMOVSKY AND DOV ABRAMOVSKY

1. The defendants, Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky all reside in the city of Syracuse, New York and have no contact with the state of New Jersey.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from Newark, New Jersey, the Court's venue.

3. The deceased lived and died in the state of New York.

3

4. All Prudential papers ,contracts and the Beneficiary Designation Form were signed and executed by the deceased in the state of New York.

5. The marriage and the divorce took place in the state of New York.

6. The New Jersey Long Arm Statute does not apply to the defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky.

### B.  REQUEST FOR CHANGE OF VENUE TO THE   NORTHERN DISTRICT OF NEW YORK

1. The defendants, Deborah Abramovsky, Dov Abramovsky, Ari Abramovsky and Aviva Aviva Abramovsky all reside in the city of Syracuse, New York.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from this Court's venue.

3. Prudential is a corporation doing business in the state of New York and as such should be prepared to litigate in New York.

4. The deceased, Abraham Abramovsky, resided in New York City, New York

5. The contract was signed and executed in New York.

6.It would create an undue hardship for four of the defendants to continue the venue in New Jersey.

7. There would be no hardship created for the other defendants or Prudential to change the venue to New York State.

4

## C.  **BENEFICIARY DESIGNATION FORM IS VOID/VOIDABLE**

1. The Judgment of Divorce is a Court Order executed August 12, 2002.

2. The Court Order incorporated the terms of the Separation Agreement(see Plaintiff's exhibit D)

3. The terms of the Court Order were that (deceased) "shall irrevocably maintain his life insurance.....for the benefit of the wife and the children"(see Plaintiff's exhibit D)

4.The Court Order predates the execution of the Beneficiary Designation Form

5.The Beneficiary Designation Form is  void as a matter of law.

6. It would be against public policy to allow the Beneficiary Designation Form to subvert the clear meaning of the divorce decree and separation agreement.

## D. **THIS ACTION BY PRUDENTIAL IS PREMATURE**

1. The action brought by Prudential is premature as none of the defendants had started any action against them. It was quiet possible that the claims could have been resolved without resorting to the Courts.

2. There is only Prudential's self serving statement that any of the defendants would have objected to whatever decision they might have made.

3. Prudential had the means to protect itself without involving the Court at this time.

4. Prudential should not be awarded attorney's fees and costs.

5

5. Deborah Abramovsky and her children should not be punished because she exercised her right under the law to put in a claim for her share of the funds.


**WHEREFORE**, Dov Abramovsky requests the Court to enter judgement:

A. Dismissing the action against defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky with leave for Prudential to refile in the state of New York, or, in the alternative

B. Directing a change in venue to the Northern District of New York, a location that is more convenient for the majority of the defendants; or, in the alternative

C.. Find the Beneficiary Designation Form void, and

D. Directing Prudential to distribute the funds according to the **COURT ODER**
    as outlined in the Judgement of Divorce and the Separation Agreement, dated August 12, 2002;or

E. Directing Prudential to distribute the funds according to the rules of intestacy; and


F. Deny awarding Prudential any attorney's fees and costs necessitated by this action; and

G.. For such other and further relief as this Court deems just and proper.


Dated:

2/10/08

Signed:

Dov Abramovsky
318 Scott Avenue
Syracuse, New York 13224
Dabramovsky@yahoo.com
(315) 378-4175

6

# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 08-172 (HAA) |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY, | ) ) ) ) ) | |
| Defendant(s) | ) ) ) ) ) | |

## ANSWER and COUNTERCLAIMS

Date: 2/10/2008

Signature of unrepresented party

ARI  ABRAMOVSKY
318 Scott Avenue, Syracuse, NY 13224
dabramovsky@yahoo.com
(315) 378-4175

# UNITED STATES DISTRICT COURT

for the

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>       Plaintiff<br><br>       v.<br><br>DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY, and ARI ABRAMOVSKY,<br><br>       Defendant(s) | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.08-172 (HAA)<br>)<br>)<br>)<br>) |

## ANSWER PRESENTING DEFENSES UNDER RULE 12(b) andCOUNTECLAIMS

### Responding to Allegations in the Complaint

### ANSWER

I, Ari Abramovsky, a named defendant in the above action, residing at 318 Scott Avenue, Syracuse, New York 13224 answers as follows, pro se:

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

6. I admit.

7.Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

1

8. I admit .

9. I admit.

10. I admit.

11. I admit.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

13. Upon information and belief, I deny that this is the proper venue and request a change of venue to the Northern District of New York.

14.Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

15. Upon information and belief , I admit.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

17. Upon information and belief , I admit.

18. I admit.

19. I admit.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

21. I admit.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

23. I admit.

24. I admit.

25. I admit.

26. I admit.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

29. Upon information and belief, I deny that Prudential had no other means than to pursue this action.

I join with defendants' Abba Abramovsky, Aviva Abramovsky, Deborah Abramovsky and Dov Abramovsky in Counterclaims A thru D.

## COUNTER CLAIMS

## A. THE COURT HAS NO PERSONAL JURISDICTION OVER  DEFENDANTS ; DEBORAH ABRAMOVSKY, AVIVA ABRAMOVSKY, ARI ABRAMOVSKY AND DOV ABRAMOVSKY

1. The defendants, Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky all reside in the city of Syracuse, New York and have no contact with the state of New Jersey.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from Newark, New Jersey, the Court's venue.

3. The deceased lived and died in the state of New York.

3

4. All Prudential papers ,contracts and the Beneficiary Designation Form were signed and executed by the deceased in the state of New York.

5. The marriage and the divorce took place in the state of New York.

6. The New Jersey Long Arm Statute does not apply to the defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky.

### B.  REQUEST FOR CHANGE OF VENUE TO THE   NORTHERN DISTRICT OF NEW YORK

1. The defendants, Deborah Abramovsky, Dov Abramovsky, Ari Abramovsky and Aviva Aviva Abramovsky all reside in the city of Syracuse, New York.

2. Syracuse, New York is located in central, upstate New York over two hundred miles from this Court's venue.

3. Prudential is a corporation doing business in the state of New York and as such should be prepared to litigate in New York.

4. The deceased, Abraham Abramovsky, resided in New York City, New York

5. The contract was signed and executed in New York.

6.It would create an undue hardship for four of the defendants to continue the venue in New Jersey.

7. There would be no hardship created for the other defendants or Prudential to change the venue to New York State.

## C. **BENEFICIARY DESIGNATION FORM IS VOID/VOIDABLE**

1. The Judgment of Divorce is a Court Order executed August 12, 2002.

2. The Court Order incorporated the terms of the Separation Agreement(see Plaintiff's exhibit D)

3. The terms of the Court Order were that (deceased) "shall irrevocably maintain his life insurance.....for the benefit of the wife and the children"(see Plaintiff's exhibit D)

4.The Court Order predates the execution of the Beneficiary Designation Form

5.The Beneficiary Designation Form is  void as a matter of law.

6. It would be against public policy to allow the Beneficiary Designation Form to subvert the clear meaning of the divorce decree and separation agreement.

## D. **THIS ACTION BY PRUDENTIAL IS PREMATURE**

1. The action brought by Prudential is premature as none of the defendants had started any action against them. It was quiet possible that the claims could have been resolved without resorting to the Courts.

2. There is only Prudential's self serving statement that any of the defendants would have objected to whatever decision they might have made.

3. Prudential had the means to protect itself without involving the Court at this time.

4. Prudential should not be awarded attorney's fees and costs.

5

5. Deborah Abramovsky and her children should not be punished because she exercised her right under the law to put in a claim for her share of the funds.


**WHEREFORE**, Ari Abramovsky requests the Court to enter judgement:

A. Dismissing the action against defendants Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky with leave for Prudential to refile in the state of New York, or, in the alternative

B. Directing a change in venue to the Northern District of New York, a location that is more convenient for the majority of the defendants; or, in the alternative

C.. Find the Beneficiary Designation Form void, and

D. Directing Prudential to distribute the funds according to the **COURT ODER**
    as outlined in the Judgement of Divorce and the Separation Agreement, dated August 12, 2002;or

E. Directing Prudential to distribute the funds according to the rules of intestacy; and


F. Deny awarding Prudential any attorney's fees and costs necessitated by this action; and

G.. For such other and further relief as this Court deems just and proper.



Dated: 2/10/08        Signed:
                      Ari Abramovsky
                      318 Scott Avenue
                      Syracuse, New York 13224
                      Dabramovsky@yahoo.com
                      (315) 378-4175


6

AO 440 (Rev. 10/93) Summons in a Civil Action

**RETURN OF SERVICE**

SERVICE OF: **SUMMONS, COMPLAINT, CIVIL COVER SHEET, 7.1 STATEMENT**
EFFECTED (1) BY ME: **OUT OF STATE**
TITLE: **PROCESS SERVER**                    DATE: **2/08/08**

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant:

AVIVA ABRAMOVSKY

Place where served:

_411 Crawford Ave. Syracuse NY 13224_

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

Relationship to defendant: _____

Description of person accepting service:

SEX: _F_ AGE: _36-50_ HEIGHT: _5'5'6_ WEIGHT: _161-200_ SKIN: _WHT_ HAIR: _Brown_ OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____.___        SERVICES $ _____.___        TOTAL $ _____.___

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: _02_ / _08_ / 20_08_         _____ L.S.
                                   SIGNATURE OF OUT OF STATE
                                   GUARANTEED SUBPOENA SERVICE, INC.
                                   2009 MORRIS AVENUE
                                   UNION, NJ 07083

ATTORNEY:     JANE ANDREWS
PLAINTIFF:    THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
DEFENDANT:    DEBORAH ABRAMOVSKY, ET ALS
VENUE:        DISTRICT OF NEW JERSEY
DOCKET:       08 CV 00172 (HAA)

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

HW

MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540-6241
609.919.6600

Attorneys for Plaintiff
The Prudential Insurance Company of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | Civ. Action No. 08-CV-172 (HAA) |
| v. | Document Electronically Filed |
| DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY, | SUBSTITUTION OF ATTORNEY |
| Defendants. | |

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP hereby withdraws and Morgan,

Lewis & Bockius, LLP, hereby enters its appearance as counsel for Plaintiff The Prudential

Insurance Company of America in the above-captioned matter.

| MORGAN, LEWIS & BOCKIUS LLP | WILSON, ELSER, MOSKOWITZ, EDELMAN & |
|---|---|
| 502 Carnegie Center | DICKER, LLP |
| Princeton, NJ 08540 | 33 Washington Street |
| Superseding Attorneys | Newark, NJ 07102 |
| | Withdrawing Attorneys |

By: _____        By: _____
    Robert White                        Julie Von Bevern
Dated: February March 4, 2008       Dated February 19 2008

1-CH/208678.1

**MORGAN, LEWIS & BOCKIUS LLP**
**(A Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, New Jersey 08540**
**609-919-6600**

**Attorneys for Plaintiff**
**The Prudential Insurance Company of America**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY,**<br><br>        **Defendants.** | **Civ. Action No. 08-172 (WHW)** |

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby submits the following Answer and Affirmative Defenses to Defendants', Deborah Abramovsky, Aviva Abramovsky, Ari Abramovsky and Dov Abramovsky (collectively, "Defendants"), Counterclaims and states as follows:

**A.    THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANTS:**
**DEBORAH ABRAMOVSKY, AVIVA ABRAMOVSKY, ARI ABRAMOVSKY**
**AND DOV ABRAMOVSKY**

1.      **Answer to Allegation of Paragraph 1:** Upon information and belief, Prudential admits that Defendants reside in Syracuse, New York.  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Counterclaim A and thus denies the allegations.

2.      **Answer to Allegation of Paragraph 2:** Prudential admits the allegations contained in Paragraph 2 of Counterclaim A.

3.      **Answer to Allegation of Paragraph 3:**  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Counterclaim A and thus denies the allegations.

4.      **Answer to Allegation of Paragraph 4:** Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Counterclaim A and thus denies the allegations.

5.      **Answer to Allegation of Paragraph 5:** Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Counterclaim A and thus denies the allegations.

6.      **Answer to Allegation of Paragraph 6:** The allegation contained in Paragraph 6 of Counterclaim A calls for a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Prudential denies the allegation.

**B.      REQUEST OF CHANGE OF VENUE TO THE NORTHERN DISTRICT OF NEW YORK**

1.      **Answer to Allegation of Paragraph 1:** Upon information and belief, Prudential admits the allegations contained in Paragraph 1 of Counterclaim B.

2.     **Answer to Allegation of Paragraph 2:**  Prudential admits the allegations contained in Paragraph 2 of Counterclaim B.

3.     **Answer to Allegation of Paragraph 3:** Prudential admits the allegations contained in Paragraph 3 of Counterclaim B.

4.     **Answer to Allegation of Paragraph 4:**  Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Counterclaim B and thus denies the allegations.

5.     **Answer to Allegation of Paragraph 5:** Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Counterclaim B and thus denies the allegations.

6.     **Answer to Allegation of Paragraph 6:** Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Counterclaim B and thus denies the allegations.

7.     **Answer to Allegation of Paragraph 7:**  Prudential admits that there would be no hardship created for Prudential to change the venue of this case to New York State.  Upon information and belief, there would be no hardship created for the other defendants to change the venue of this case to New York State.

C.     **BENEFICIARY DESIGNATION FORM IS VOID/VOIDABLE**

1.     **Answer to Allegation of Paragraph 1:**  Upon information and belief, Prudential admits the allegations contained in Paragraph 1 of Counterclaim C.

2.     **Answer to Allegation of Paragraph 2:** Upon information and belief, Prudential admits the allegations contained in Paragraph 2 of Counterclaim C.

3.     **Answer to Allegation of Paragraph 3:**  Prudential refers to the Court Order, which speaks for itself, and therefore denies the allegations contained in Paragraph 3 of Counterclaim C to the extent inconsistent therewith.

4.     **Answer to Allegation of Paragraph 4:**  Prudential refers to the Court Order and Beneficiary Designation Form, which speaks for themselves, and therefore denies the allegations contained in Paragraph 4 of Counterclaim C to the extent inconsistent therewith.

5.     **Answer to Allegation of Paragraph 5:**  The allegation contained in Paragraph 5 of Counterclaim C calls for a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Prudential denies the allegations.

6.     **Answer to Allegation of Paragraph 6:** The allegation contained in Paragraph 6 of Counterclaim C calls for a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Prudential denies the allegations.

**D.     THIS ACTION BY PRUDENTIAL IS PREMATURE**

1.     **Answer to Allegation of Paragraph 1:**  Prudential denies the allegations contained in Paragraph 1 of Counterclaim D.

2.     **Answer to Allegation of Paragraph 2:**  Prudential denies the allegations contained in Paragraph 2 of Counterclaim D.

3.     **Answer to Allegation of Paragraph 3:** Prudential denies the allegations contained in Paragraph 3 of Counterclaim D.

4.     **Answer to Allegation of Paragraph 4:** Prudential denies the allegations contained in Paragraph 4 of Counterclaim D.

5.     **Answer to Allegation of Paragraph 5:** The allegation that "Deborah Abramovsky and her children should not be punished" is vague and undefined and, thus,

Prudential denies the allegation. Answering further, the remaining allegations contained in Paragraph 5 of Counterclaim D call for a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Prudential denies the allegations.

**WHEREFORE**, plaintiff demands judgment in its favor dismissing defendants' Counterclaims and for such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants' claims are barred to the extent that the Counterclaims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are moot, as the parties have agreed, by stipulation, to transfer venue to the Southern District of New York.

### THIRD AFFIRMATIVE DEFENSE

Prudential reserves the right to modify or supplement its Affirmative Defenses set forth herein as a result of further allegations and/or discovery in this case.

### FOURTH AFFIRMATIVE DEFENSE

All other allegations, facts and conclusions of law in Defendants' Counterclaims not previously admitted or denied are expressly denied.

MORGAN, LEWIS & BOCKIUS, LLP
Attorneys for Plaintiffs The Prudential
Insurance Company of America

Dated: March 4, 2008          By:   s/  Robert A. White
                                    Robert A. White

Of Counsel:

Miriam G. Bahcall, Esq.
Beth A. Black, Esq.
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60606
Tel: (312) 324-1000
Fax: (312) 324-1001

## CERTIFICATE OF SERVICE

I certify on this 4th day of March 2008 that a true and correct copy of *THE*

*PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE*

*DEFENSES TO COUNTERCLAIMS* was filed with the Clerk of the United States District

Court, District of New Jersey, in accordance with the Court's Electronic Filing System, and that

copies were also served via U.S. mail upon the following:

*Aviva Abramovsky*
*411 Crawford Avenue*
*Syracuse, New York 13224*
*315.256.4642*

*Ari Abramovsky*
*318 Scott Avenue*
*Syracuse, New York 13224*
*315.378.4175*

*Dov Abramovsky*
*318 Scott Avenue*
*Syracuse, New York 13224*
*315.378.4175*

*Deborah Abramovsky*
*318 Scott Avenue*
*Syracuse, New York 13224*
*315.378.4175*

*Abba Abramovsky*
*423 East 77th Street*
*New York, New York 10021*

*Jules A. Epstein, Esq.*
*Jules A. Epstein, P.C.*
*600 Old Country Road, Suite 505*
*Garden City, New York 11530*
*516.222.1499*
*Counsel for Orly Calderon*

_____
/s/ Robert A. White
Robert A. White

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: 609.919.6600
Fax: 609.919.6701
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

ROBERT A. WHITE
Partner-in-Charge

**Daniel E. Orr**
Associate
609.919.6614
deorr@morganlewis.com

March 10, 2008

## VIA ELECTRONIC FILING & FEDERAL EXPRESS
The Honorable William H. Walls, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse, Room 2037
50 Walnut Street
Newark, New Jersey 07102

Re:   Prudential Ins. Co. of America v. Abramovsky, et. al., no. 08-CV-172

Dear Judge Walls:

We represent the plaintiff Prudential Insurance Company of America. The parties respectfully request that your Honor transfer this case to the United States District Court for the Southern District of New York.

On January 7, 2008, Defendant Orly Calderon commenced a proceeding against Prudential in the Supreme Court of the State of New York, County of Bronx County, captioned Orly Calderon v. The Prudential Insurance Company of America, no. 300080/08. Prudential filed this interpleader action on January 10, 2008 before it was served with that complaint.

On February 21, 2008, Prudential removed Mr. Calderon's Bronx County action to the United States District Court for the Southern District of New York as Orly Calderon v. The Prudential Insurance Company of America, no. 08-CV-01721.

In light of the facts that the defendants in this case reside in New York and that there are now identical suits in two U.S. District Courts, the parties have agreed to transfer this case to the Southern District of New York in the attached stipulation and consent order. If the order meets with the court's approval, we ask that your Honor sign and enter the same.

Thank you for your assistance.

Respectfully,

Daniel E. Orr

Attachment
C:    Counsel of record (via electronic filing)

**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
609.919.6600

## UNITED STATES DISTRICT COURT,
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY,<br><br>　　　Defendants. | Civ. Action No. 08-172 (WHW)<br><br>**STIPULATION AND CONSENT ORDER TO TRANSFER OF VENUE** |

It is hereby stipulated and agreed by and between plaintiff The Prudential Insurance Company of America, through its counsel Morgan, Lewis & Bockius LLP, and defendants Orly Calderon, Deborah Abramovsky, Aviva Abramovsky, Abba Abramovsky, Dov Abramovsky And Ari Abramovsky that venue for this action shall be transferred to the United States District Court for the Southern District of New York.

Morgan, Lewis & Bockius LLP
Attorneys for Plaintiff
The Prudential Insurance Company of America

By: Robert White

Dated: March 10, 2008

Deborah Abramovsky

By: Deborah Abramovsky

Dated: March 3, 2008

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By:

Dated:  March ____, 2008

Dov Abramovsky

_____
By:  Dov Abramovsky

3-3-08

By:  Aviva Abramovsky

Dated:  March 3, 2008

Ari Abramovsky

_____
By:  Ari Abramovsky

3-3-08

Jules A. Epstein    _CJE -5177_
Attorney for Defendant
Orly Calderon

By:

Dated: March _3_, 2008

Dov Abramovsky


By: Dov Abramovsky

Dated: March ___, 2008

Abba Abramovsky


By: Abba Abramovsky

Dated: March ___, 2008

Aviva Abramovsky


By: Aviva Abramovsky

Dated: March ___, 2008

Ari Abramovsky


By: Ari Abramovsky

Dated: March ___, 2008

Approved and so **ORDERED** this _____ day of _____, 2008.


The Honorable William H. Walls, U.S.D.J.

1-PR/1370876.1

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

Dated: March ___, 2008

By: Aviva Abramovsky

Dated: March ___, 2008

Dov Abramovsky

Ari Abramovsky

By: Dov Abramovsky

Dated: March ___, 2008

By: Ari Abramovsky

Dated: March ___, 2008

Abba Abramovsky

By: Abba Abramovsky

Dated: March 4th, 2008

Approved and so **ORDERED** this _____ day of _____, 2008.

The Honorable William H. Walls, U.S.D.J

1-PR/1370876.1

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: 609.919.6600
Fax: 609.919.6701
www.morganlewis.com

# Morgan Lewis

C O U N S E L O R S   A T   L A W
A Pennsylvania Limited Liability Partnership

ROBERT A. WHITE
Partner-in-Charge

**Daniel E. Orr**
Associate
609.919.6614
deorr@morganlewis.com

March 11, 2008

## VIA ELECTRONIC FILING & FEDERAL EXPRESS

The Honorable Harold A. Ackerman, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse, Room 2037
50 Walnut Street
Newark, New Jersey 07102

Re:    Prudential Ins. Co. of America v. Abramovsky, et. al., no. 08-CV-172

Dear Judge Ackerman:

We represent the plaintiff Prudential Insurance Company of America. The parties respectfully request that your Honor transfer this case to the United States District Court for the Southern District of New York.

On January 7, 2008, Defendant Orly Calderon commenced a proceeding against Prudential in the Supreme Court of the State of New York, County of Bronx County, captioned Orly Calderon v. The Prudential Insurance Company of America, no. 300080/08. Prudential filed this interpleader action on January 10, 2008 before it was served with that complaint.

On February 21, 2008, Prudential removed Mr. Calderon's Bronx County action to the United States District Court for the Southern District of New York as Orly Calderon v. The Prudential Insurance Company of America, no. 08-CV-01721.

In light of the facts that the defendants in this case reside in New York and that there are now identical suits in two U.S. District Courts, the parties have agreed to transfer this case to the Southern District of New York in the attached stipulation and consent order. If the order meets with the court's approval, we ask that your Honor sign and enter the same.

Thank you for your assistance.

Respectfully,

Daniel E. Orr

Attachment
C:    Counsel of record (via electronic filing)

**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
609.919.6600

## UNITED STATES DISTRICT COURT,
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,** | |
| Plaintiff, | |
| v. | Civ. Action No. 08-172 (WHW) |
| **DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY,** | **STIPULATION AND CONSENT ORDER TO TRANSFER OF VENUE** |
| Defendants. | |

It is hereby stipulated and agreed by and between plaintiff The Prudential

Insurance Company of America, through its counsel Morgan, Lewis & Bockius LLP, and

defendants Orly Calderon, Deborah Abramovsky, Aviva Abramovsky, Abba

Abramovsky, Dov Abramovsky And Ari Abramovsky that venue for this action shall be

transferred to the United States District Court for the Southern District of New York.

Morgan, Lewis & Bockius LLP
Attorneys for Plaintiff
The Prudential Insurance Company of America

By: Robert White

Dated: March _10_, 2008

Deborah Abramovsky

By: Deborah Abramovsky

Dated: March _3_, 2008

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By:

Dated: March ____, 2008

Dov Abramovsky

_____
By: Dov Abramovsky

3-3-08

By: Aviva Abramovsky

Dated: March 3, 2008

Ari Abramovsky

_____
By: Ari Abramovsky

3-3-08

Jules A. Epstein *CJE-5177*
Attorney for Defendant
Orly Calderon

By: _____

Dated: March 3, 2008

Dov Abramovsky

By: Dov Abramovsky _____

Dated: March ___, 2008

Abba Abramovsky

By: Abba Abramovsky _____

Dated: March ___, 2008

Aviva Abramovsky

By: Aviva Abramovsky _____

Dated: March ___, 2008

Ari Abramovsky

By: Ari Abramovsky _____

Dated: March ___, 2008

1-PR/1370876.1

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

By:  Aviva Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Dov Abramovsky

Ari Abramovsky

By:  Dov Abramovsky

By:  Ari Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Abba Abramovsky

By:  Abba Abramovsky

Dated:  March 4th, 2008

Approved and so **ORDERED** this _____ day of _____, 2008.

_____
The Honorable Harold A. Ackerman, U.S.D.J.

1-PR/1370876.1

**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-6241
609.919.6600

## UNITED STATES DISTRICT COURT,
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,** | |
| **Plaintiff,** | **Civ. Action No. 08-172 (WHW)** |
| **v.** | |
| **DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY,** | **STIPULATION AND CONSENT ORDER TO TRANSFER OF VENUE** |
| **Defendants.** | |

It is hereby stipulated and agreed by and between plaintiff The Prudential

Insurance Company of America, through its counsel Morgan, Lewis & Bockius LLP, and

defendants Orly Calderon, Deborah Abramovsky, Aviva Abramovsky, Abba

Abramovsky, Dov Abramovsky And Ari Abramovsky that venue for this action shall be

transferred to the United States District Court for the Southern District of New York.

Morgan, Lewis & Bockius LLP
Attorneys for Plaintiff
The Prudential Insurance Company of America

By: Robert White

Dated: March 10, 2008

Deborah Abramovsky

By: Deborah Abramovsky

Dated: March 3, 2008

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

Dated:  March ____, 2008


Dov Abramovsky


_____
By:  Dov Abramovsky

3-3-08

By:  Aviva Abramovsky

Dated:  March 3, 2008


Ari Abramovsky


_____
By:  Ari Abramovsky

3-3-08

Jules A. Epstein  *JE -J177*
Attorney for Defendant
Orly Calderon

By:

Dated:  March 3, 2008

Dov Abramovsky

By:  Dov Abramovsky

Dated:  March ___, 2008

Abba Abramovsky

By:  Abba Abramovsky

Dated:  March ___, 2008

Aviva Abramovsky

By:  Aviva Abramovsky

Dated:  March ___, 2008

Ari Abramovsky

By:  Ari Abramovsky

Dated:  March ___, 2008

Approved and so **ORDERED** this 12 day of March, 2008.

The Honorable William H. Walls, U.S.D.J.

1-PR/1370876.1

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

Dated:   March ___, 2008

By:  Aviva Abramovsky

Dated:   March ___, 2008

Dov Abramovsky

Ari Abramovsky

By:  Dov Abramovsky

Dated:  March ___, 2008

By:  Ari Abramovsky

Dated:   March ___, 2008

Abba Abramovsky

By:  Abba Abramovsky

Dated:   March 4th, 2008

Approved and so **ORDERED** this ___ day of _____, 2008.

The Honorable William H. Walls, U.S.D.J

1-PR/1370876.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
50 Walnut Street
NEWARK, NEW JERSEY 07101

CAMDEN OFFICE
1 John F. Gerry Plaza
CAMDEN, NJ 08101

WILLIAM T. WALSH
Clerk

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: NEWARK
**973 645-4583**

**March 12, 2008**

United States District Court
New York Southern District Court
120 Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:** **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. DEBORAH ABRAMOVSKY et al**

**Civil Docket No. 08-172(WHW)**

Dear Clerk :

The above-captioned case has been transferred to your court pursuant to the enclosed certified copy of the Order filed on 3/12/08. Also, enclosed is a certified copy of the docket report. You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk
By:Darlene Carr
Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____ **DATE:** _____.

**YOUR CIVIL DOCKET NUMBER:** _____.

Case 2:08-cv-00172-HAA-ES    Document 16-2    Filed 03/11/2008    Page 1 of 4

**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey  08540-6241
609.919.6600

### UNITED STATES DISTRICT COURT,
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY, <br><br> Defendants. | Civ. Action No. 08-172 (WHW) (HAA) <br><br> **STIPULATION AND CONSENT ORDER TO TRANSFER OF VENUE** |

It is hereby stipulated and agreed by and between plaintiff The Prudential

Insurance Company of America, through its counsel Morgan, Lewis & Bockius LLP, and

defendants Orly Calderon, Deborah Abramovsky, Aviva Abramovsky, Abba

Abramovsky, Dov Abramovsky And Ari Abramovsky that venue for this action shall be

transferred to the United States District Court for the Southern District of New York.

Morgan, Lewis & Bockius LLP
Attorneys for Plaintiff
The Prudential Insurance Company of America

By:  Robert White

Dated:  March 10, 2008


Deborah Abramovsky


By:  Deborah Abramovsky

Dated:  March 3, 2008


Jules A. Epstein
Attorney for Defendant
Orly Calderon


Aviva Abramovsky

Case 2:08-cv-00172-HAA-ES    Document 16-2    Filed 03/11/2008    Page 2 of 4

By:                                                By: Aviva Abramovsky

Dated: March ___, 2008                             Dated: March 3, 2008

Dov Abramovsky                                     Ari Abramovsky

By: Dov Abramovsky                                 By: Ari Abramovsky

3-3-08                                             3-3-08

Jules A. Epstein
Attorney for Defendant
Oily Calderon

By:

Dated: March 3, 2008

Dov Abramovsky


By: Dov Abramovsky

Dated: March ____ 2008


Abba Abramovsky


By: Abba Abramovsky

Dated: March ____ 2008

Aviva Abramovsky


By: Aviva Abramovsky

Dated: March ____ 2008

Ari Abramovsky


By: Ari Abramovsky

Dated: March ____ 2008

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

By:  Aviva Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Dov Abramovsky

Ari Abramovsky

By:  Dov Abramovsky

By:  Ari Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Abba Abramovsky

By:  Abba Abramovsky

Dated:  March 4ᵗʰ, 2008

Approved and so **ORDERED** this 12ᵗʰ day of March, 2008.

The Honorable Harold A. Ackerman, U.S.D.J.

1-PR/1370875.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
OFFICE OF THE CLERK

50 Walnut Street
NEWARK, NEW JERSEY 07101

WILLIAM T. WALSH
Clerk

CAMDEN OFFICE
1 John F. Gerry Plaza
CAMDEN, NJ 08101

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: NEWARK
973 645-4583

**March 14, 2008**

New York Southern District Court
120 Daniel Patrick Moynihan
United States Courthouse
New York, NY 10007-1312

**Re:** **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. DEBORAH ABRAMOVSKY et al**

**Civil Docket No. 08-172(HAA)**

Dear Clerk :

The above-captioned case has been transferred to your court pursuant to the enclosed certified copy of the Order filed on 3/13/08. Also, enclosed is a certified copy of the docket report. You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk

By:Darlene Carr

Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____ **DATE:** _____.

**YOUR CIVIL DOCKET NUMBER:** _____.